## SPIRITUAL ATHENEUM SOCIETY OF WEST RANDOLPH *v.* SELECTMEN OF RANDOLPH.

*Mandamus. Spiritual Society. Public Money for Religious Societies, Division of. Selectmen.*

A petition for a writ of *mandamus* will not lie in favor of a spiritual society, against the selectmen of a town to compel them to allot to it an equal share of the public money given by law to religious societies, where the money had been divided before the petition was brought; as an order to allot would be nugatory; nor will it lie against their successors in office; as there is no person to whom to direct the writ, and no breach of duty, complained of as to them.

PETITION for *mandamus.*

The petition set forth, in part, that the petitioner was a religious society, organized according to law for the purpose of supporting the gospel and maintenance of public worship, located and holding regular meetings for the purpose aforesaid in the village of West Randolph. The articles of association were also set out, commencing: " Spiritual Atheneum Society. We, the subscribers, hereby associate ourselves together as a corporation," etc. Then followed the purpose of the association, its organization, and the names of the members. The petition also alleged that the society, since its organization, had maintained public worship in said town " by regularly ordained ministers of the gospel, more than one fourth the number of Sabbaths," etc.; that it was entitled to receive its share of the rents of land granted to the ministry by virtue of the Revised Laws, sec. 2707*; that the peti-

---

*Revised Laws, sec. 2707: " The rents of lands granted to the use of the ministry or social worship of God, and the rents of lands granted to the first settled minister, shall, on the Friday preceding the last Tuesday in March in each year, be equally divided by the selectmen among the different organized religious societies in town who maintain public worship at least one-fourth of the Sabbaths in the year."

tioner, by its officers, on the last Tuesday of March, 1884, appeared before the selectmen, and asked to be considered in the division of said rents; and that the selectmen declined to grant their request and wholly disregarded their legal rights. The prayer was, that the court would " order and direct the said board of selectmen, or their successors in office, for the year ending the Friday preceding the last Tuesday in March, 1884, and each succeeding year, so long as the petitioners shall maintain a legal religious organization, etc.,  *  *  *  to consider and recognize the petitioners, or said Spiritual Atheneum Society, in the division of the rents." The defendants admitted in their answer, that the petitioners had articles of agreement duly recorded; that they appeared before them, and claimed that they were entitled to a share of the rents, etc.; but denied that the petitioner was a religious society. Evidence was taken.

The further facts are sufficiently stated in the opinion of the court.

*E. J. McWain,* for the petitioner.

*N. L. Boyden,* for the defendants.

The opinion of the court was delivered by

POWERS, J. We have no occasion to decide whether the petitioner, on the facts, is legally entitled to share in the distribution of the public money given by law to religious societies who maintain stated preaching of the gospel for one fourth of the Sabbaths during the year.

The case shows that in March, 1884, the defendants, in fact, divided the public money among other religious societies. That money has gone beyond their control. An order, therefore, to allot its proper share of the same to the petitioner would be wholly nugatory. For this reason the writ of *mandamus* cannot be awarded as to that money. High Ex. Rem. 14.

Moreover, the petition for this writ was not filed until

November 24, 1884, eight months after the claimed wrong was done, and no steps were taken to arrest the alleged wrongful distribution of the fund while it yet remained within the control of the defendants.

The petition also prays that the writ be issued against the " successors in office " of the defendants, directing them in the future, so long as the petitioner is entitled, to award to the petitioner its proper share of said fund. In other words, the court is asked, in advance of any neglect of duty by officers not yet elected, and who, when elected, for aught that appears, may do all that the petitioner may ask, to make a standing order that they divide this fund in compliance with the petitioner's claim. This plainly cannot be done. There are no persons in existence to whom to direct the writ. The presumption, in the absence of proof to the contrary, is that officials charged with the performance of an official duty will perform it properly. There is no neglect of duty, therefore, which, in this class of cases, is the ground and reason for the issue of the writ.

Petition dismissed, with costs.