### Frank O. Carpenter's Admr. v. Beatrice J. Brown

(102 A2d 331)

November Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 5, 1954.

*Osmer C. Fitts* and *Paul N. Olson* for the petitioner.

*Beatrice J. Brown,* pro se.

**Cleary, J.** This is a complaint for mandamus brought originally to this Court under V. S. 47, §2111 and related sections, praying that a writ issue against the defendant, as Judge of Probate for the District of Marlboro, commanding her to consider the complainant's application to extend the time for paying debts and legacies in the Estate of Frank O. Carpenter, deceased, late of Guilford in said District, in accordance with V. S. 47, §3003, and to furnish the complainant, as administrator of said estate, a certificate that his appointment remains in full force and effect under V. S. 47, §§2800 and 2802.

The complainant alleges that he was duly appointed and qualified as administrator of the said estate on January 4, 1952; that he is the sole heir of said estate; that he diligently set about the administration of his trust; that he made inventory of the property of the estate as appraised by the appraisers; that he made prompt payment of all debts and funeral expenses; and that on March 7, 1952, he filed a United States Estate Tax Return in accordance with the United States Internal Revenue Code and the Treasury Regulations issued thereunder which require the filing of a return, where

the value of the gross estate exceeds $60,000, at or before the expiration of fifteen months from the date of the death of the decedent.

On October 22, 1953, the complainant filed a petition in the probate court asking for extension of time to pay debts and legacies under V. S. 47, §3002 and stating that by reason of the incompletion of the audit of the Federal Estate Tax Return he was unable to dispose of the estate and pay all of the debts and legacies within the period of one year originally allowed by the probate court at the time of his appointment. On October 23, 1953, the defendant advised the complainant that his authority as administrator expired on January 4, 1953, that application for extension of time for administration must be made before the administrator's appointment expires, and that the proper procedure was to file a petition for the appointment of an administrator *de bonis non* to settle the estate that had not been administered before the original appointment expired.

On October 24, 1953, the complainant requested the defendant to issue an administrator's certificate, which, by letter dated October 25, 1953, she refused to do, stating that under V. S. 47, §3002, the probate court is prohibited from granting letters of administration for more than one year and that after such year has expired the probate court has no authority to grant an administrator a certificate that his appointment remains in full force and effect.

The defendant has indicated that all pertinent facts are fully and adequately set out in the complaint, that she knows of no further facts or matters which should be considered by the Court, and asks that the complaint be heard as a matter of law as though the equivalent of a demurrer to the facts had been filed.

The complainant asks that a writ of mandamus issue commanding the defendant to appoint a time for hearing and deciding his petition, asking for an extension of time to pay the debts and legacies of said estate and commanding the defendant to furnish the complainant a certificate of his appointment and of his authority to act as administrator of said estate, all as provided by V. S. 47, §§3002, 3003, 2800 and 2802.

§§3002 and 3003 are a part of Chapter 141 of V. S. 47 entitled, "Payment of Debts and Expenses," and are a part of subtitle "Time for Paying Debts and Legacies." They provide as follows:

> "3002. Limitation; extension; At the time of granting letters testamentary or of administration, the probate court shall allow to the executor or administrator a time for disposing of the estate and paying the debts and legacies of the deceased person. Such time in the first instance shall not exceed one year, but on the application of the executor or administrator, from time to time as the circumstances of the estate require, the court may extend the time not to exceed one year at a time, nor so that the whole time allowed to the original executor or administrator shall exceed three years."

> "3003. Same; hearing; notice. When an executor or administrator makes application to have the time for paying debts or legacies extended beyond one year, the probate court shall appoint a time for hearing and deciding on such application and shall cause notice thereof to be given to all persons interested" etc.

The portions of §§2800 and 2802 which are pertinent here provide as follows: "2800.—A register shall make out and sign letters of administration, * * * or other written instruments issuing from the probate court." "2802. Judge may perform register's duties. The services and acts required of a register in §2800 shall be valid if performed by the judge."

The defendant contends that the letters of administration issued to the complainant constituted an appointment for one year beginning January 4, 1952, in compliance with V. S. 47, §3002; that if he desired an extension of time to pay the debts and legacies of the estate under the provisions of V. S. 47, §3002, he should have petitioned the probate court before the end of his appointment; that his authority as administrator had expired when he petitioned the probate court for an extension of time; that the provisions of V. S. 47, §3002,

prohibited the probate court from extending the time of settlement of the estate; that the intent of the Legislature in enacting V. S. 47, §3002, is so plain and unambiguous that it does not admit of construction; that she had no authority to issue a certificate as requested by the complainant after his appointment as administrator had expired; that her ruling that the complainant was not eligible on October 22, 1953 to apply for an extension and her refusal to issue the certificate on October 24, 1953 were both made in the exercise of judicial discretion for which mandamus does not lie.

 Mandamus does not lie to enforce the performance of judicial or quasi judicial acts—acts involving the exercise of judgment or discretion. But it can be resorted to in a proper case to enforce the performance of ministerial acts by a public official. *Crystal Brook Farm, Inc.* v. *Control Commissioners*, 106 Vt 8, 10, 168 A 912; *Gaffney* v. *Commissioners of Jail Delivery*, 111 Vt 196, 200, 13 A2d 192. And where a statute makes it the duty of an officer to perform a duty that is purely ministerial, the writ of mandamus will issue to compel its performance. *State* v. *Meagher*, 57 Vt 398, 401. Even where an act is judicial in nature the performance of it can be enforced by mandamus if there is a peremptory statutory direction that it shall be performed. *Matter of Savage*, 112 Vt 89, 92, 22 A2d 153.

 The provisions of V. S. 47, §3003 and §2800, are mandatory because both of them provide that the probate court and the register shall perform the duties mentioned. These duties are purely ministerial so mandamus will lie if the circumstances make it a proper case.

No claim is made that the letters of administration stated that the appointment was only for one year, beginning January 4, 1952, or that the complainant's authority as administrator would expire one year after his appointment. The defendant contends this was the effect, only because of the provisions of V. S. 47, §3002. The statute itself contains no such language. It says nothing about the expiration of an executor's or administrator's appointment or authority. It is

confined solely to the time to be allowed for disposing of the estate and paying the debts and legacies.

■ It is a familiar rule of interpretation that in the construction of a particular statute, all acts relating to the same subject matter should be read in connection with it, as parts of one system. *Gould* v. *Towslee*, 117 Vt 452, 459, 94 A2d 416; *In re Cooke Estate*, 117 Vt 336, 338, 91 A2d 683; *Lovejoy* v. *Morrison*, 116 Vt 453, 457, 78 A2d 679; *Holbrook Grocery Co.* v. *Commissioner of Taxes*, 115 Vt 275, 281, 57 A2d 118, and cases cited. §§1093, 1705, 2885 and chapters 136 and 142 of V. S. 47 all provide for action by an executor or administrator beyond the period of one year from the date of his appointment. Because of these provisions in the statutes relating to executors and administrators it is plain that giving V. S. 47, §3002, the interpretation made by the defendant might very well lead to absurd consequences. These must be avoided if possible. Also, it might lead to an unjust or unreasonable result. It is always presumed that such a result was not intended by the Legislature. *Rowell* v. *Town of Tunbridge*, 118 Vt 23, 98 A2d 72, 74, and cases there cited.

It is urged by the defendant that her interpretation of V. S. 47, §3002, forces the prompt administration of estates and prevents undue possession and control by the administrator. But other sections of the statutes provide adequate and speedy remedies available both to the probate court and to creditors and other persons interested to compel prompt administration of an estate.

■ It appears that the complainant failed to make and return an inventory of the estate and to render an account of his administration within the time prescribed by statute and the order of the court. The defendant contends that these lapses and his failure diligently to seek an extension of time for settlement of the estate when he became aware that he could not settle it within the term of one year after his appointment constitute such neglect of his official duties and such disregard of the order of the court as should preclude him from receiving any relief whatever. These are not reasons why the

defendant can refuse to appoint a time for hearing and decision of his application.

■ From the foregoing it follows that the defendant, a public official, refuses to perform the duties enjoined upon her under the provisions of V. S. 47, §§3002, 3003, 2800 and 2802. Such refusal leaves the complainant without a remedy. Under such circumstances a writ of mandamus should issue, *Menut & Parks Co.* v. *St. Johnsbury*, 114 Vt 41, 51, 39 A2d 342, 156 ALR 404.

Judgment that the prayer of the complaint as now made is granted with costs to the complainant. Let a mandate issue, directing the defendant, as Judge of Probate for the District of Marlboro, to forthwith furnish the complainant, as administrator of the estate of Frank O. Carpenter, a certificate that his appointment remains in full force and effect; and directing the said Judge of Probate to forthwith appoint a time and place for hearing and deciding on the complainant's application to extend the time for disposing of the said estate and for paying the debts and legacies of Frank O. Carpenter, deceased; that the said probate court cause notice thereof to be given to all persons interested by publication three weeks successively in a newspaper to be designated by the said court; and that the said probate court hear and decide the said application at the time and place appointed, all in accordance with the provisions of V. S. 47, §§2800, 2802, 3002 and 3003.