## Gerard Couture v. Selectmen of Berkshire

[159 A.2d 78]

January Term, 1960

Present: **Hulburd, C. J., Holden, Barney and Smith, JJ. and Divoll, Supr. J.**

Opinion Filed February 18, 1960

*William K. Sullivan* and *N. Henry Press* for the petitioner.

*Ready & Brown* for the petitionees.

**Barney, J.** This is a dispute between the road commissioner and the selectmen of the town of Berkshire. The commissioner seeks to require the selectmen to deliver up to him for use on town roads the Austin Western power grader and the diesel Cletrac tractor with plow owned by the town. The selectmen have kept this equipment locked away from the commissioner on the grounds that he does not meet their standards as a competent operator of the machinery and further that he is not entitled, by virtue of his position, to exclusive control of the town's road equipment. Findings based on an agreed statement of fact disclose that this same road commissioner had had the use of and had operated this equipment in previous terms of office from 1951 to 1955 under the general supervision of the selectmen. There was nothing in the findings to support the selectmen's position that the commissioner was not a qualified operator. The selectmen have indicated that the commissioner could use this machinery for town road repair if he would provide an operator who met their approval. Both the selectmen and the road commissioner were elected at the 1959 March meeting of the town of Berkshire. The road commissioner filed the bond required by

statute and his bond was approved by the selectmen. To carry out his duties, the commissioner has had the use of certain horsedrawn grader equipment belonging to the town.

The commissioner has come to this Court as petitioner seeking to have a writ of mandamus issue to require the selectmen to turn over to him the power grader and tractor, and to have them enjoined and restrained from interfering with his performance of his duties.

■ ■ The selectmen, as defendants in this action, contend that mandamus does not lie in this case. It is their contention that since the conduct of town affairs generally are their responsibility, it is within their discretionary powers to withhold or deny the use of valuable equipment in situations where it might be subject to damage by improper use by unskilled operators. In particular, they say, this right is not subject to challenge in the absence of a showing that the petitioner was thereby made unable to carry out his duties as road commissioner. It is a well recognized proposition of law that ordinarily mandamus will not lie to review the performance of an official act involving the exercise of judgment or discretion. *Glover* v. *Anderson*, 120 Vt. 153, 155, 156, 134 A.2d 612; *Proctor* v. *Hufnail*, 111 Vt. 365, 369, 16 A.2d 518. It usually lies for the enforcement of purely ministerial acts. *Carpenter's Admr.* v. *Brown*, 118 Vt. 148, 152, 102 A.2d 331. To these general propositions there is an exception, however. Where there appears, in some form, an arbitrary abuse of the power vested by law in an administrative officer or board which amounts to a virtual refusal to act or to perform a duty imposed by law, mandamus may be resorted to in the absence of other adequate legal remedy. *Sanborn* v. *Weir*, 95 Vt. 1, 6, 112 A. 228; see also *Ellis* v. *Cannon*, 113 Vt. 511, 516, 37 A.2d 377. But the writ will not issue unless the right sought to be enforced is certain and clear. *Glover* v. *Anderson, supra*, at page 155.

■ In order to determine whether the writ should issue it must be ascertained whether there exists in the petitioner a clear right and whether the actions of the defendants

constituted an arbitary abuse of authority. *Menut & Parks Co.* v. *St. Johnsbury*, 114 Vt. 41, 51, 39 A.2d 342, 156 A. L. R. 404; *Sanborn* v. *Weir*, *supra*, at page 6.

The duties of a town road commissioner, as provided by 19 V. S. A. §101, are as follows:

> "The town road commissioner shall superintend the expenditure of the town highway tax, shall have charge of keeping in repair such highways and shall be responsible to the town for damages sustained by it through his fault or neglect in the discharge of his duties. When a road commissioner has expended the money appropriated by the town for the repair of town highways and the amount thereof is not sufficient to complete the ordinary repairs of such highways, he shall notify one of the selectmen of the town of such insufficiency, and shall not be liable to the town for damages occasioned by the want of ordinary repairs of the same after giving such notice, if the selectmen do not furnish the means to complete such ordinary repairs. After the giving of such notice, the town shall not be chargeable with the expenses of the ordinary repairs of its town highways unless incurred by the selectmen."

24 V. S. A. §832 provides that the selectmen require the road commissioner to give a bond running to the town conditioned for the faithful performance of his duties, in amount and with sureties prescribed and approved by the selectmen.

The statutory duty of the petitioner is plain, as is his liability for failure to perform those duties. Furthermore, the statutes provide protection for the town by requiring a bond. In view of the obligations placed on him by law, he has a clear right to be permitted to carry out these duties without being hindered or handicapped by the actions of the defendants. The circumstances are similar to those in *Bennington* v. *Booth*, 101 Vt. 24, 140 A. 157, 57 A. L. R. 156. The town officer in that case was the town clerk, but the language is applicable here. The road commissioner and the selectmen are all elected officers of the town. Each has certain

duties to perform. Those of the road commissioner are not made subject to the approval of the selectmen. The general supervision of the affairs of the town is in the selectmen, and they are charged with seeing to it that all duties required of towns and town school districts not committed to the care of any particular officer are performed. 24 V. S. A. §872. As already appears, however, the duty of repairing town roads is expressly committed to the road commissioner. There is no authority in the selectmen to prescribe the method by which the road commissioner performs his duties, nor any power to prevent his carrying out of his official responsibilities by the imposition by them of arbitrary restrictions. *Bennington* v. *Booth, supra,* at page 29.

The defendants contend that their insistence on a qualified operator was a reasonable requirement in view of the value of the equipment, and in no way hindered or handicapped the petitioner in performing his duties. However worthy their motives, nevertheless, they were undertaking a supervision of the petitioner beyond the authority of their office and have shown this Court no statutory basis for doing so. But defendants point out that the findings in this case contain nothing by way of facts to establish that the acts complained of interfered in any way with the performance of petitioner's duties. They cannot justify their own abuse of authority by resorting to what they claim is petitioner's successful performance under handicap. It would be most unjust to deny petitioner a remedy to which he was otherwise rightfully entitled on a showing that he carried out his duties satisfactorily in the face of unwarranted hindrance on the part of the defendants. The wrong is the attempted supervision of petitioner's use of the town's road repair equipment, because, in so doing, the select-men are presuming to direct the manner in which the road commissioner carries out the duties for which he is solely responsible under the law. *Bennington* v. *Booth, supra,* at page 29.

■ The defendants point to certain statutory duties in connection with maintaining bridges in the town, keeping state aid highways in good repair, and determining the use of

the town's share of the so-called "gas tax" money, which they say require them to be able to direct and control the use of the road machinery in question to carry out these duties. They further say that in order to retire the purchase bonds for this equipment still outstanding, it is necessary that the equipment be available for the maximum possible use on a cash-returning basis. All this they argue to be inconsistent with a clear right to control the machinery being in the petitioner, supporting their position that this Court ought not to issue the writ in this case. Assuming that the duties of defendants are as they have described them, there is a corresponding right in them as selectmen not be interfered with in the performance of those duties. Neither the petitioner nor the defendants can rightfully prevent each other's proper performance by wrongfully denying access to the necessary equipment. However, this case discloses no such interference by the petitioner and none will be presumed. *Spiritual Atheneum Society* v. *Selectmen of Randolph*, 58 Vt. 192, 194, 2 A. 747

From the statutory pattern an inference may be drawn that the legislature contemplated cooperation between selectmen and road commissioners. Each must act with a reasonable regard for the other's responsibilities. Conflict, even though based on honest differences of opinion and worthy, though opposite, motivations, may ultimately result in less effective use for the town of tax money, equipment or personnel. Conduct of elected officials, detrimental to the interests of the town but not amounting to arbitrary abuse of authority justifying the issuance of a writ, is subject to regulation at the polls. See *Buttolph* v. *Osborn*, 119 Vt. 116, 123, 119 A.2d 686.

Here the facts disclose an abuse. The actions of the defendants as selectmen denied the town of Berkshire the use of its own road equipment for town road repairs except on terms unlawfully imposed by them. No matter how laudable the motivation of the defendants, it is clearly an abuse of their authority to impose such conditions. This is because the conditions by their very terms represent an interference with the performance of the duties of the petitioner as road commissioner. The defendants are not empowered to sit as a

court of review on the petitioner's conduct of his office or use of the town's equipment. The responsibility of the petitioner within the limits of his budget is complete, and the town is secured by his bond. Insofar as the defendants interject themselves into duties for which they have no responsibility and for whose performance the petitioner has full responsibility, their actions amount to an arbitary abuse of their powers as selectmen. *Bennington* v. *Booth, supra,* 101 Vt. at page 29, 140 A. at 159. In such a case this Court may issue its writ of mandamus. *Proctor* v. *Hufnail, supra,* 111 Vt. 365, 370, 16 A.2d 518; *Sanborn* v. *Weir, supra,* 95 Vt. 1, 6, 112 A. 228.

*Judgment that the prayer of the petition is granted with costs to the petitioner. Let a mandate issue directing the defendants, as selectmen of the town of Berkshire, to make available to the petitioner, as road commissioner of the town of Berkshire, all of the road machinery and equipment of the town of Berkshire, accordingly as he may request the same for the purpose of carrying out his duties as road commissioner, and directing the selectmen to refrain from interfering with the petitioner's performance of those duties.*

**Divoll, Supr. J. (dissenting).** I cannot concur in this opinion. I agree with the law as set forth in the majority opinion, but do not agree that the actions of the defendants constituted an arbitrary abuse of authority.

The duties imposed upon selectmen of a town by special statutes are numerous, and in addition they are required to have the general supervision of the concerns of the towns and to cause duties required by law of towns, not committed to the care of any particular officers, to be duly performed and executed. 24 V. S. A. § 872; *Daniels* v. *Hathaway,* 65 Vt. 247, 253, 26 A. 970, 21 L. R. A. 377.

Examination of the statutes does not reveal any section where the specific care of town property is committed to any particular officer. Therefore that must, and rightly so, be the duty of the selectmen. In addition, the findings reveal that the equipment in question in this instance is also used by the selectmen in carrying out certain specific statutory duties that

they have in the construction, repair and maintenance of certain highways.

The duties of a town road commissioner are set forth in the majority opinion. They do not include the care and supervision or operation of the equipment.

The automobile has completely changed our town road requirements. No longer can the team of horses, dump cart, hand shovel or wheelbarrow support the burden of construction and maintenance needed to meet the requirements of modern car and truck traffic. It has been necessary for the several towns to acquire cumbersome, intricate and expensive machinery. The selectmen are authorized to purchase this machinery and bind the town financially for its purchase price, with or without the vote of the town. *Kaeser* v. *Town of Starksboro*, 116 Vt. 389, 392, 77 A.2d 831. It would be a legal fiction to give them the right to acquire needed machinery without giving them the right to preserve it. An elected road commissioner might be the best engineer and supervisor of road construction and maintenance but the poorest of equipment operators.

The selectmen in this case are not interfering with or preventing the petitioner from carrying out the duties of his office. The machinery is available to him, completely under his supervision and direction provided it is operated by a competent operator.

One of the duties of the selectmen by statute, by inference, by case law, by common sense and public policy, is the care and preservation of the property of the town. A competent operator of the expensive and intricate machinery involved here is necessary for the proper care and preservation of that machinery. The selection of the operator is judicial or quasi-judicial in nature and involves an inquiry of fact and exercise of judgment. It is not ministerial but discretionary and the disposition of it made by the officials will be binding upon the courts. *Proctor* v. *Hufnail*, 111 Vt. 365, 369, 16 A.2d 518; *Glover* v. *Anderson*, 120 Vt. 153, 156, 134 A.2d 612.

The petition should be denied.