# Louis G. Roy v. Sumner Farr, Health Officer for the Town of Richmond and Sumner Farr, Ranson Conant and Vincent Palermo, Board of Health of the Town of Richmond

[258 A.2d 799]

No. 41-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 14, 1969

*Coffrin & Pierson,* Burlington, for petitioner.

*Latham & Eastman,* Burlington, for petitionees.

**Keyser, J.** This is a petition for a writ of *mandamus* by which the petitioner seeks to compel the board of health of the town of Richmond to abate an unhealthful condition existing on land adjacent to the residential property of both the petitioner and other persons as provided by 18 V.S.A. § 609.

The petition was brought on February 28, 1969. At that time defendants Farr, Conant and Palermo were the selectmen of the town of Richmond. Selectman Farr was the appointed health officer of the town. 18 V.S.A. § 601. The selectmen, together with the health officer, constitute the local board of health. 18 V.S.A. § 604.

The record shows that defendant Farr's term of office expired on town meeting day, March 4, 1969. At that time one Gordon B. Stensrud was elected selectman to fill this vacancy. It also appears that defendant Conant deceased on March 16, 1969. Defendant Palermo joined by selectman Stensrud filed an answer admitting some of the allegations in the petition and denying others. Both petitioner and the above-named selectmen acting as the board of health of the town filed a memorandum of law. The case is submitted to this Court without oral argument.

■ In *Spiritual Atheneum Society* v. *Selectmen of Randolph,* 58 Vt. 192, 194, 2 A. 747, it was held that this court will not issue a writ of *mandamus* against defendants not in office after the petition is brought or against their successors in office. See also *Page* v. *McClure,* 79 Vt. 83, 89, 64 A. 451, and 34 Am.Jur., *Mandamus,* § 124. The only person named in the petition who is subject to the writ, if issued, is defendant Palermo.

In order to have the proper and necessary parties before the court, an interlocutory order and summons was issued and served on the present members of the Richmond Board of Health not named in the original petition shown by the public records to be Dr. John Lantman, Health Officer, and Selectmen Willard Conant and Gordon Stensrud. Said parties were required by our citation to cause their appearance to be entered with the clerk of this court on or before October 7, 1969, then and there to make answer, if any they had, why the petition of the petitioner should not be granted. Said parties have failed and neglected to answer the petition as required by the citation. However, we view the case as though the said parties had joined in the answer and the memorandum of law previously filed on behalf of the local Board of Health.

The board of health resists the petition on two grounds— (1) it claims the removal of the unhealthful condition by the board under 18 V.S.A. § 609 is not mandatory duty for the reason that such action requires the exercise of its judgment and discretion and is not a ministerial act, and (2) it contends that the petitioner has an adequate remedy by an action for abatement of a public nuisance against the offending landowner.

The following facts which appear in the petition and answer are undisputed. The petitioner is a resident and owner of certain real estate located on Lemroy Court in the town of Richmond. In 1966 an unhealthful condition existed on land adjacent to petitioner's residential property on Lemroy Court and to other lands which he had developed into residential properties. This condition resulted from the discharge of raw sewage by one George Dutil into an open gully southeast of petitioner's residence. The defendants were notified of this unhealthful condition by the Vermont Department of Health in March 1967, and were advised that the discharge of the sew-

age was considered to be a public health hazard. On June 27, 1967, defendant Farr, as the town health officer, notified the offending property owner, George Dutil, that the unhealthful condition was due to the discharge of raw sewage from his disposal facilities and that in the event he, Dutil, failed to comply with the order of the defendants requiring him to remove the unhealthful condition within thirty days, the defendant would order the removal of the condition pursuant to 18 V.S.A. § 609 and charge him, Dutil, with the expense of the same. Dutil failed to comply with the order and the unhealthful condition still exists.

The critical question to be first decided is whether *mandamus* will lie on the facts shown in this case.

The duties of the health officer regarding sanitary inspections are prescribed by 18 V.S.A. § 606 as follows:

> The health officer shall make sanitary inspections when and where he has reason to suspect that anything exists which may be detrimental to the public health. He may enter any house or other building or place for the purpose of making such inspections. By written order he shall direct the destruction or removal within a specified time of unhealthful conditions or causes of sickness; and shall in all things conform to the rules and regulations of the commission.

The facts show a compliance with the mandate of this statute. The inspection was made and a written order was given to the offending party, George Dutil. He was directed by said order to remove the condition, failing which the board of health would do so at his expense as provided by 18 V.S.A. § 609. This section reads:

> A person who neglects or refuses to comply with a written order of a local board of health or health officer issued under this chapter, when no other penalty is provided, shall be fined not more than $100.00 or less than $5.00. Upon such neglect or refusal, the local board of health may prevent, remove or destroy any unhealthful conditions or causes of sickness, at the expense of the town it represents, and such expense may be recovered of

the person whose legal duty it was to comply with such order.

The local board took no remedial steps to enforce its order by having the condition prevented or removed. The petitioner claims that since Dutil did not comply with the order, the board, under Section 609, *supra,* must take action to have the condition eliminated. The defendant contends that its duty under the statute is discretionary and requires the exercise of its judgment which, if true, will supersede *mandamus* since the writ does not lie to enforce the performance of judicial or quasi-judicial acts. Under such circumstances, this Court will not order the board to act. *Rutland Hospital, Inc.* v. *State Board of Health,* 126 Vt. 41, 45, 220 A.2d 722; *Couture* v. *Selectmen of Berkshire,* 121 Vt. 359, 361, 159 A.2d 78; *Carpenter's Admr.* v. *Brown,* 118 Vt. 148, 152, 102 A.2d 331; *Proctor* v. *Hufnail,* 111 Vt. 365, 369, 16 A.2d 518.

On the other hand, *mandamus* will lie to compel a public officer to perform an official act which is merely ministerial. *Town of Bennington* v. *Booth,* 101 Vt. 24, 27, 140 A. 157; *Glover* v. *Anderson,* 120 Vt. 153, 155, 134 A.2d 612. So here, in order to justify the issuance of a writ of *mandamus,* it must be made to appear that the duty of the local board of health to remove the public health hazard is a ministerial one, *Barber* v. *Chase,* 101 Vt. 343, 351, 143 A. 302, and that the right sought to be enforced is certain and clear. *Glover* v. *Anderson, supra.*

However, there is a well-recognized exception to these general propositions depending upon whether the facts make it a proper case to come within the exception. Where such facts show, in some manner, an arbitrary abuse of the power vested by law in an administrative officer or board which amounts to a virtual refusal to act or to perform a duty imposed by law, *mandamus* may be resorted to in the absence of other adequate legal remedy. *Couture* v. *Selectmen of Berkshire, supra,* at page 361; *Proctor* v. *Hufnail, supra,* at page 370; *Sanborn* v. *Weir,* 95 Vt. 1, 6, 112 A. 228.

The petitioner has a clear right not to be subjected to the unhealthful condition determined by the State Department of Health to be a public health hazard. The defendant admits

that the discharge of raw sewage as shown is a condition which has existed for many years. The situation ostensibly developed to such a serious and hazardous unhealthful condition that the State health authorities acted in 1967. It is evident that the local health officer likewise determined that such condition existed or else the order of removal would not have been issued. The right which the petitioner seeks to be enforced is adequately shown to be certain and clear.

The defendant argues that the action of the board of health is the performance of a discretionary act and involves an inquiry of fact.

The general supervision of the public health of the town is committed to the local health officer and board of health. Their authority to act in such matters is expressly granted by 18 V.S.A., Chapter 11. The state board of health and commissioner in their discretion may exercise similar powers. 18 V.S.A. § 109.

The health officer chose to act by making an inspection of the situation after which the removal order was given Dutil. This required a determination based on his inquiry that the condition was detrimental to public health and created an unhealthful condition. It was at this point that the judgment and discretionary action came into play and was exercised. After the decision was made to issue the order of removal there remained only the action of the board to have the condition removed upon non-compliance with the order. This required neither an inquiry of fact nor exercise of judgment or discretion. Each had already been exercised.

The defendant contends, however, that the use of the word "may" in Section 609 determines that action by the board of health is discretionary. The statute states: ". . . (T)he local board may . . . remove . . . any unhealthful conditions . . ., at the expense of the town it represents, and such expenses may be recovered of the person whose legal duty it was to comply with such order."

The defendant cites *Proctor* v. *Hufnail, supra,* in support of its claim that the statutory duty is discretionary. The facts in that case are quite dissimilar to those in the case at bar. There the petitioners were seeking to have the board of school directors furnish facilities for the transportation of their son between home and school. The statutes relating to transporta-

tion of school pupils was a matter "controlled and managed by the board of school directors of such town in their discretion." The particular action to be taken required an inquiry into the surrounding facts followed by an exercise of their discretion, reasoning and best judgment in reaching a solution of the subject matter. This is not the situation in the instant case.

The defendant's answer denies the allegation in the petition that the defendants have failed to remove the unhealthful condition. However, the answer states "that the existing sewage situation which is complained of is one which has remained in the state or condition similar to its present condition for a great many years." The defendant also answers that the petitioner can bring "an appropriate action against George Dutil to cause him to correct the situation as alleged in the petition."

In view of these statements in the answer it is amply shown that the board of health did not take the action provided under Section 609 after Dutil failed to comply with the written order. The cost of having the condition removed may be recovered by the town from Dutil in an action of tort. 18 V.S.A. §§ 609, 611. In addition there is the penalty provision set forth in Section 609 for non-compliance with the order.

Whether or not the word "may" in Section 609 is to be construed as permissive or mandatory is immaterial in this case. It comes down to whether there was an abuse of the power vested by the statute in the board of health by its neglect or refusal to act under the facts and circumstances appearing in the case. *Couture v. Selectmen of Berkshire, supra.* Moreover, a decision that rests solely upon the construction of a statute does not involve that exercise of judgment which the law contemplates. *Glover v. Anderson, supra,* at page 156; *State v. Howard,* 83 Vt. 6, 14, 74 A. 392.

We think the dangerous public health hazard was a compelling reason for the board to exercise its powers under the statute and required it to cause the condition to be eliminated or removed in accordance with the order to Dutil and the applicable statute. The failure and neglect of the board to take such action amounted to an arbitrary abuse of its lawful authority.

We turn to the remaining question of whether a writ of *mandamus* is the only fully adequate and complete remedy available to the petitioner.

■ While it is true that the writ will not issue where the right is doubtful, it will not be refused because of the existence of another remedy unless that remedy is clear and adequate. *Town of Bennington* v. *Booth, supra*. The remedy here suggested by the defendants is an action by the petitioner for the abatement of a public nuisance.

■ *Mandamus* affords a plain, speedy and adequate remedy. It is practical, efficient and prompt in its administration toward the result sought to be accomplished. In order to supersede *mandamus*, the other remedy must be competent to afford relief on the very subject matter in question, and be equally convenient, beneficial and effective. *Glover* v. *Anderson, supra*, at page 160.

■ It is well settled that a person who suffers special damage from the erection and maintenance of a public nuisance is entitled to relief in his own right; but, it must appear that the injury is distinct from that suffered by the general public. *Pilgrim Plywood Corp.* v. *Melendy*, 110 Vt. 12, 16, 1 A.2d 700. It must be an injury special and peculiar to the petitioner. *Hazen* v. *Perkins*, 92 Vt. 414, 422, 105 A. 249.

■ It is manifestly clear from the facts before us that the injury is not a personal one peculiar only to the petitioner but is one suffered by the public as well. To require the petitioner to bring a petition to abate a nuisance which affects the public health would cause him to bear all of the expense and delay which are involved in personal litigation. We are persuaded by the facts in the case that an action by the petitioner to abate a public nuisance does not meet the test laid down by this Court in *Glover* v. *Anderson, supra*, and would not afford him such a clear, speedy and fully adequate remedy as the law provides. *Town of Bennington* v. *Booth, supra*.

*Judgment that the prayer of the petition is granted, and that a mandamus issue directing the Board of Health of the Town of Richmond, namely, Dr. John Lantman, Vincent Palermo, Willard Conant and Gordon Stensrud, to forthwith*

*remove, or cause to be removed, the health hazard resulting from the open discharge of raw sewage by one George Dutil on land adjacent to the residential property of the petitioner, Louis G. Roy, all in accordance with the order given to said Dutil and the statutes in such case made and provided, with actual costs of this proceeding to the petitioner.*