■ TOWN OF EAST HAMPTON, Respondent, v MICHAEL J. BUFFA et al., Appellants.—In an action to enjoin the defendants, *inter alia*, from occupying a building on certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered August 4, 1989, as granted those branches of the plaintiff's motion which were for a preliminary injunction to the extent of directing that the defendants remove a certain gable roof, raised walkway and free-standing sign as having been constructed without the necessary permits.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendants replaced a flat roof with a gable roof, constructed a raised walkway around the perimeter of their building, and erected a free-standing sign. The work was done in contravention of a stop-work order issued by the Chief Building Inspector of the town.

The plaintiff town contended that the work done by the defendants on their premises constituted "structural * * * alterations" for which the defendants should have obtained site plan approval and a building permit. The town sought a permanent injunction restraining the defendants or anyone acting in their behalf from occupying the building on the premises and to compel the defendants to remove the "alterations". Pending the determination of the action, the town also sought a preliminary injunction.

The defendants contend that the work performed on the premises constituted a mere "cosmetic" renovation and that the Supreme Court improvidently exercised its discretion in granting a preliminary injunction directing that they remove the above-mentioned improvements to the building. We disagree.

As a general rule, an applicant for a preliminary injunction must demonstrate (1) the likelihood of its ultimate success on the merits, (2) that he or she will suffer irreparable injury absent granting of the preliminary injunction, and (3) that a balancing of the equities favors granting of the preliminary injunction (see, Weissman v Kubasek, 112 AD2d 1086; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13a).

However, in the instant case, the three-pronged test does not apply, since the conduct sought to be enjoined is a continuous violation of a duly enacted town zoning ordinance (see, City of Utica v Ortner, 256 App Div 1039). Town Law § 268 (2) authorizes a town to institute any action or proceeding necessary to enforce its zoning ordinances. "Such a statutory provision requires no showing of special damage or injury to the public or the nonexistence of an adequate remedy at law as a condition to injunctive relief, commission of the prohibited acts being sufficient" (Town of Islip v Clark, 90 AD2d 500, 501).

Town of East Hampton Code § 53-6 (A) (1) provides in pertinent part that "[w]ithout first having obtained a building permit from the Building Inspector therefor, no person, partnership, association, firm or corporation shall * * * (1) commence, cause or continue the erection, construction, removal, improvement, transportation or demolition of any building or structure, or any portion thereof, unless a particular provision

of [the] code explicitly exempts the particular action from the need for a building permit".

Under Town of East Hampton Code § 153-1-30 (A), "[a] building permit duly issued by the Building Inspector * * * shall be required for * * * [t]he erection, construction, reconstruction, alteration, demolition, razing or moving of all or any part of any building, structure or part thereof, including any sign, other than a temporary sign, approved directional sign, approved informational sign or other sign exempted by provisions of [the code]". An alteration as applied to a building, is defined, in pertinent part by section 153-1-20 as "a change or rearrangement of the structural parts [and] 'remodel' is synonymous" with alteration.

Based upon those provisions, it is clear that the stated changes which the defendants made were not merely esthetic or cosmetic improvements, but rather were structural changes which required a building permit. The defendants' free-standing sign does not fall into the exempted category of signs. The replacement of a flat roof with a gable roof was also clearly "a change or rearrangement" of the structural parts of the building. "A building is [structurally altered] where there is a change or substitution in a substantial particular in the structure of the building itself or in one of its parts * * * so that there is an effective conversion of an existing building into a different structure" (Matter of 440 E. 102nd St. Corp. v Murdock, 285 NY 298, 308). We find that the changes undertaken by the defendants concerned the structure of the building itself and, therefore, required a building permit.

We note that the equities are balanced in favor of the town because the defendants proceeded with the work even though a stop-work order had been issued.

The court did not improvidently exercise its discretion directing removal of the alterations. The award of a preliminary injunction is discretionary and the court may tailor it to protect the interests of all parties (see, Paddock Constr. v Automated Swimpools, 130 AD2d 894). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.