## Town of Sherburne v. Gary Carpenter

## Gary Carpenter v. Town of Sherburne Board of Adjustment

[582 A.2d 145]

No. 87-481

Present: **Peck and Dooley, JJ., and Katz, Supr. J. and Connarn and Springer, D.JJ. (Ret.), Specially Assigned**

Opinion Filed August 31, 1990

*John F. Evers* of *Langrock Sperry Parker & Wool,* Middlebury, for Plaintiff-Appellant.

*Deborah S. McCoy* of *Keyser, Crowley, Banse & Facey,* Rutland, for Defendant-Appellee.

**Dooley, J.** This is an appeal by plaintiff, Town of Sherburne, from an order by the Rutland Superior Court refusing to grant an injunction against defendant Gary Carpenter and capping the amount defendant must pay the Town as a fine. The injunction sought would have required defendant to remove a part of a structure that was found to violate set-back requirements of the Sherburne zoning ordinance. We reverse and remand.

Defendant owned a building on Route 4 in Sherburne and used it to operate his plumbing business. The zoning ordinance required structures in defendant's zone to be set back one hundred feet from Route 4. Defendant's building represented a nonconforming preexisting use that was set back only fifty-five feet from Route 4. In addition, the building had a preexisting porch that further reduced the set-back, although the actual depth of the porch (between eight and ten feet) is in dispute. In 1986, the Town granted defendant a zoning permit to enclose the porch without changing the amount of set-back from Route 4.

Defendant actually tore down the porch and built an enclosed structure in its place. During construction work, the Town zoning administrator viewed the property and determined that the new enclosure would be ten feet deep even though the plan submitted by defendant showed that the porch had been only eight feet deep and the new enclosure would retain this dimension. The zoning administrator sent defendant a letter stating that the new enclosure would be two feet closer to Route 4 than the

former porch and, therefore, violated the zoning ordinance. The letter stated that unless defendant reduced the size of the enclosure the Town would sue to have the extra two feet removed from the building. Defendant completed the enclosure without reducing its size, and the Town brought suit for an injunction to have the extra two feet removed and for a fine of fifty dollars per day pursuant to 24 V.S.A. § 4444(a).

Defendant responded to the Town's action by arguing that the dimensions on the plans he had submitted were erroneous and the enclosed building front was only two inches closer to Route 4 than the edge of the roof on the former porch. He also testified that the zoning administrator, when he issued the permit, had assured him that a couple of feet would not matter. The trial court rejected both of these defenses and found that the porch violated the set-back requirements of the zoning ordinance.

Without findings or reasons addressing the law of injunctive relief, the court determined, however, that it would not require the defendant to tear down the new enclosure. The court imposed a daily fine of fifty dollars per day from the time the enclosure was built, but limited the overall fine to $1000 plus interest until paid.

On appeal, the Town argues that it was entitled to an injunction as a matter of law and that 24 V.S.A. § 4444(a) did not authorize the trial court to limit the fine to $1000. We take these claims in order.

It is clear that 24 V.S.A. § 4445 authorizes the Town to bring an action to abate or correct a violation of the zoning ordinance. See, e.g., *Town of Brighton v. Griffin*, 148 Vt. 264, 267, 532 A.2d 1292, 1293 (1987). The section does not specify the nature or extent of trial court discretion in acting on such a request. It is a command to the zoning administrator to bring an appropriate proceeding. It is silent on the court's power in acting on the administrator's action.

In *Town of Bennington v. Hanson-Walbridge Funeral Home*, 139 Vt. 288, 295–96, 427 A.2d 365, 369–71 (1981), this Court considered whether a trial court had discretion under § 4445 to refuse to enjoin the operation of a funeral home crematory being operated in violation of the town zoning ordinance. The Court discussed the concept of relative injury in deciding

whether to issue an injunction but declined to rule whether this concept was consistent with § 4445, finding that on the facts of the case it would not apply in any event. It concluded that the town was entitled to an injunction as a matter of law and enjoined the defendant from using its premises for the cremation of human bodies.

The opinion in *Hanson-Walbridge Funeral Home* distinguished *Thompson v. Smith*, 119 Vt. 488, 509–10, 129 A.2d 638, 652–53 (1957), where the Court held that in an injunction action brought by a neighbor to remove a building constructed in violation of a zoning ordinance, a balancing test applies. The balancing test in *Thompson* requires the trial court to weigh the "relative convenience or inconvenience, the relative injury sought to be cured as compared with the hardship of injunctive relief." *Id.* at 509, 129 A.2d at 652. *Hanson-Walbridge Funeral Home* emphasized that *Thompson* dealt with private landowners where it was possible to compare the "respective hardships" and noted that the "harm upon development of the town as a whole . . . cannot be weighed against the financial loss to the defendant." 139 Vt. at 295–96, 427 A.2d at 370.

The issue left open in *Hanson-Walbridge Funeral Home* is present here since the Town seeks a mandatory injunction to require defendant to tear down his enclosure or that part of the enclosure that reduces the set-back by two feet and the trial court refused to issue the injunction. The question is whether the trial court had such discretion.

■ There is a split of authority on which of the equitable requirements for injunctive relief must be shown if a governmental entity seeks to enjoin a violation of a statute or ordinance, and especially when a municipality seeks a mandatory injunction to require a property owner to remove a structure erected in violation of an ordinance. Generally, where a statute authorizes a municipality or public agency to seek an injunction in order to enforce compliance with a local ordinance or state statute, and is silent as to the injury caused, the municipality is not required to show irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction; rather, all that must be shown is a violation of the ordinance. See, e.g., *Johnson v. Murzyn*, 1 Conn. App. 176, 180–81, 469

A.2d 1227, 1230 (1984). The divergence of views comes on whether the state or municipality must also show that the balance of equities lies on the side of issuance of the injunction.

Some states hold that it is also inappropriate to allow the trial court to balance the equities in a statutory injunction case, reasoning that

> there is no need for judicial accommodation of the defendant's use to that of the plaintiff. For a court to do so would be to usurp the legislative function. Specifically, in the case now before us, if the defendants can continue the unlawful use of the property after complying with the relief granted on remand, the trial court's judgment would have worked to rezone the land with conditions notwithstanding the fact that the power to do so is reserved to the town board alone.

*Little Joseph Realty, Inc. v. Town of Babylon*, 41 N.Y.2d 738, 745, 363 N.E.2d 1163, 1168, 395 N.Y.S.2d 428, 433–34 (1977). See also *Metropolitan Development Comm'n v. Douglas*, 180 Ind. App. 567, 571, 390 N.E.2d 663, 666 (1979). In *Ackerman v. Tri-City Geriatric & Health Care, Inc.*, 55 Ohio St. 2d 51, 378 N.E.2d 145, 149 (1978), an action to enjoin the operation of an unlicensed nursing home, the Supreme Court of Ohio held that the Director of Health did not need to show irreparable injury or lack of an adequate legal remedy once he had shown the statutory violation, and that it would be inappropriate to balance the equities because statutory provisions "which authorize a governmental agent to sue to enjoin activities deemed harmful by the [legislature] are not designed primarily to do justice to the *parties* but to prevent harm to the general public." *Id.* at 57, 378 N.E.2d at 149 (emphasis in original); see also Plater, *Statutory Violations and Equitable Discretion*, 70 Calif. L. Rev. 524, 527 (1982) (when there is a continuing violation of statutory law, the court "has no discretion or authority to balance the equities so as to permit that violation to continue"). This reasoning is much the same as our discussion in *Hanson-Walbridge Funeral Home*.

Other states still retain the equitable requirement of balancing the equities. See, e.g., *Town of Shapleigh v. Shikles*, 427 A.2d 460, 464–65 (Me. 1981); *City of East Providence v. Rhode Island Hosp. Trust Nat'l Bank*, 505 A.2d 1143, 1145–46 (R.I.

1986). In the *Shikles* and *Rhode Island Hospital Trust* cases, the Supreme Courts of Maine and Rhode Island emphasized that injunctive relief remains within the discretion of the trial court to be exercised under basic principles of equity and justice and that the statutory authorization for injunctive relief in zoning cases did not eliminate that discretion.

■ We are faced with two levels of difficulties with the trial court's action in this case. The trial court was silent on why it declined to grant the injunction. Since it refused to grant the injunction, it is fair to assume that it balanced the equities and found that they tipped in defendant's favor. We are left to speculate, however, on the grounds relied upon by the trial court in denying the injunction request. Even if we accept that it could balance the equities in this case, we cannot fairly review the trial court's action and must reverse and remand for an explicit statement of the balance struck. See, e.g., *McCormick v. McCormick*, 150 Vt. 431, 438, 553 A.2d 1098, 1103 (1988).

The second level of difficulty is with the balancing of the equities in this case. For the guidance of the trial court on remand, we must answer the question left open by *Hanson-Walbridge*. We hold that the trial court has only limited discretion to refuse to issue a mandatory injunction in a case like this. *Hanson-Walbridge Funeral Home* teaches that trial courts cannot weigh the injury to the public of a property use in violation of the zoning ordinance against the cost of compliance to defendant. 139 Vt. at 296, 427 A.2d at 370. Normally, we must assume that the public injury outweighs the private cost.

■ In considering the issuance of an injunction on remand, the trial court's decision should focus on two areas of inquiry. The first is whether the violation of the zoning ordinance is substantial. While we recognize the difficulty in weighing public injury against private loss in the typical case, there comes a point where the violation is so insubstantial that it would be unjust and inequitable to require the removal of an offending structure through a mandatory injunction. See 4 A. & D. Rathkopf, The Law of Planning and Zoning § 45.07, at 45–78 (1981). We emphasize that once the court finds that a violation is substantial, further balancing of injury and cost is generally inappropriate.

The second area is whether the landowner's violation is innocent or, alternatively, involves conscious wrongdoing. See, e.g., *County of Kauai v. Pacific Standard Life Ins.*, 65 Haw. 318, 339 n.22, 653 P.2d 766, 781 n.22 (1982). Courts have generally found that a conscious decision to go forward, in the face of a direction not to from the regulatory body, outweighs factors pointing against the issuance of a mandatory injunction. See, e.g., *Planning & Zoning Comm'n v. Desrosier*, 15 Conn. App. 550, 556, 545 A.2d 597, 601 (1988); *Town of East Hampton v. Buffa*, 157 A.D.2d 714, 716, 549 N.Y.S.2d 813, 815 (1990). An injunction may be an excessive remedy where the nonconforming use was constructed without knowledge that it violated the zoning ordinance. See *Hargreaves v. Skrbina*, 662 P.2d 1078, 1081 (Colo. 1983) (no injunction can be issued against construction in violation of set-back requirement where permit allowing construction was given erroneously by city).

The record does not disclose whether the factors that would allow denial of the injunction were present in this case, because the trial court made no findings in those areas. Defendant testified and argued that he went forward with the construction because the enclosure encroached on the set-back only a few inches more than the former porch roof. An additional encroachment of a few inches might well not be substantial enough to warrant a mandatory injunction. Nor do we preclude the possibility that the trial court could find that a two-foot encroachment into the set-back was insubstantial in this case. Even if defendant's measurements were inaccurate, it is possible that defendant believed in good faith that he had not reduced the set-back more than a few inches. The question may, in turn, depend on whether the former porch roof overhang is counted in determining the set-back. We leave the resolution of these questions to the trial court on remand.

The second issue is whether the $1000 fine was properly imposed under 24 V.S.A. § 4444(a). That statute provides that a person who violates a zoning ordinance "shall be fined not more than fifty dollars for each offense." It goes on to state that each day the violation continues constitutes a separate offense. It is clear from the statutory wording that some fine, up to $50, must be imposed for each offense and that each day of violation is a new offense.

Plaintiff's objection to the fine imposed by the trial court is that it set the daily fine at fifty dollars but recognized only twenty days of duration, although the violation has continued for a much longer time. The effect of the trial court's order is to deprive the Town of a fine for days of violation beyond twenty.

A claim almost identical to that made by the Town in this case was made in *Village of Sister Bay v. Hockers*, 106 Wis. 2d 474, 317 N.W.2d 505 (Ct. App. 1982). The relevant Wisconsin statute imposed both a minimum and a maximum fine and stated that each day of violation of the zoning ordinance was a separate offense. The trial court imposed the minimum daily fine amount but limited its accrual to only 100 days even though the violation continued for 778 days. The Court of Appeals modified the judgment, holding that the trial court had no authority to recognize only part of the time period during which the defendant was in violation of the zoning ordinance. The court held that a continuous assessment was fair in light of the continued benefit to defendant from the violation. 106 Wis. 2d at 479–80, 317 N.W.2d at 507–08.

We adopt the holding of the Wisconsin case under our statute. As long as defendant has the benefit of the zoning ordinance violation, the statute requires that he pay a daily fine. The cap imposed by the trial court limited defendant's exposure and prevented the Town from bringing future actions should defendant continue to violate the ordinance. The statute does not authorize such a cap.*

The trial court imposed the maximum daily penalty in this case under the assumption it could cap the overall fine paid by defendant. Since the assumption was false, the trial court may choose to amend the daily fine in light of the violation of the ordinance it found to be present. The fine is, therefore, reversed and remanded for this purpose.

*Reversed and remanded.*

---

* Both sides assume that the statute creates a civil penalty. We accept this characterization and do not decide its validity.