STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of David Siegel  }
           }
           } Docket No. 258-11-00 Vtec
           }
           }

Decision and Order on Motions for Summary Judgment and Motion to Dismiss

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Duxbury upholding the enforcement action taken by the Zoning Administrator in a letter dated July 24, 2000. Appellant represents himself; Appellees Patricia DiRuocco and Jean Ruth Connolly are represented by Richard Darby, Esq.; the Town of Duxbury is represented by Barbara G. Ripley, Esq.

The following facts are undisputed unless otherwise noted.

In 1893 Town Highway No. 30 was opened as a road three rods in width. Some time prior to December of 1970, the Connollys acquired the house at issue in this matter.

On December 11, 1970, the Selectboard ordered that Town Highway No. 30 A from the westerly end of the Robert E. Connolly house [now Appellees= house], extending generally westerly to the end of said Highway No. 30@ be changed in status from Aopen highway@ to Atrail.@ The road is a Class 4 road from Turner Road to the westerly end of the Connolly house.

Appellee Patricia DiRuocco owns the house in question, in which her mother, Appellee Jean Ruth Connolly, resides and has a life estate. As of May 28, 1995, William Anderson was the Zoning Administrator. Appellees Jean Ruth Connolly (as applicant) and Patricia DiRuocco (as owner) applied to construct a two-car garage across the road from the Connolly house. The application included a plot plan sketch. Neither the application nor the sketch plan has been supplied in connection with the pending motions. Therefore, the location of the garage in relation to the westerly end of the house is not an established fact for the purposes of the pending motions, even though it may not actually be disputed between the parties. If it is westerly of the westerly end of the house, it is located adjacent to a trail; if it is easterly of the westerly end of the house, it is located adjacent to a class 4 road. Because that material fact has not been established, Appellees= Motion for Summary Judgment filed January 23, 2001, must be DENIED, without prejudice to its renewal after the facts have been established regarding whether the garage is adjacent to the class 4 road segment or to the trail segment of what had been Town Highway No. 30.

On May 28, 1995, Zoning Administrator Anderson issued a zoning permit for the construction of the garage. This permit was not appealed and is not open to challenge in the present proceeding, even if improperly granted. In the construction season of 1995, the contractor staked the four corners of the proposed garage. Zoning Administrator Anderson visited the site with the contractor and observed the location of the stakes. The garage was constructed with its corners in the locations of the stakes. Whether that was the location as approved in the permit is a disputed fact.

Appellant purchased his property to the north and west of Appellees= property in November of 1995, after the garage was constructed. In September of 1996 he received subdivision approval from the Planning Commission for a six-lot subdivision. That approval has not been supplied in connection with the pending motions; Appellant did not appeal any aspect or condition of that approval and it became final. In September of 1999 he received an Act 250 permit related to the subdivision and its access. The Act 250 permit has not been supplied in connection with the pending motions. According to the copy of the ZBA decision attached to Appellant= s Notice of Appeal in the present appeal, those permits contain findings and conditions regarding the width of the space between the Connolly house and garage, relating to Appellant= s plans to upgrade the access road to his six-lot subdivision. Appellant states that he holds a permit A from the Selectboard,@ which document has not been supplied or identified to the Court to date in this proceeding, to improve and maintain the right-of-way or the traveled way to access the six-lot subdivision and residence to the west of Appellees= property. Any dispute as to the scope or extent of Appellant= s property rights in the right-of-way is not within the jurisdiction of this Court.

Appellant requested the present Zoning Administrator, Mr. Stan Walker, to take enforcement action against Appellees for building the garage at a location in violation of the setback requirements of the zoning regulations and within the road right-of-way. After investigation, Zoning Administrator Walker issued an enforcement letter to Appellee Connolly on July 24, 2000. That letter made the finding that the garage does not comply with the setback requirements of the zoning bylaws, but did not require the garage to be moved or removed. Rather, the Zoning Administrator required Appellees to park vehicles so that they would not further encroach on the right of way, and noted that no changes to the garage would be allowed that would increase the noncompliance. Appellant appealed that letter to the ZBA on August 24, 2000. The ZBA allowed the late appeal due to some delay in providing Appellant with a copy of the enforcement letter, and upheld the Zoning Administrator= s decision.

Appellant filed a Statement of Questions containing nineteen questions, numbered from 1 to 21, without any question 5 or 6. In referring to the questions for the purposes of the motions, we will use Appellant= s numbering, bearing in mind that there is no question numbered 5 or 6. Appellees and the Town have moved to dismiss all but questions 4 and 9. Appellees and the Town have also moved for summary judgment, arguing that the Zoning Administrator has complete discretion to fashion a remedy, and that such remedy is somehow unreviewable by the ZBA and hence this Court, under Richardson v. City of Rutland, 164 Vt. 422, 425 (1995).

Appellant appealed the Zoning Administrator= s enforcement letter to the ZBA, and thence to this Court. The appeal is de novo on those matters within the scope of the enforcement letter, as

they may be further limited by the questions in the statement of questions. Therefore Appellees= and the Town= s Motion for Summary Judgment filed January 26, 2001 is DENIED. Under the Richardson case, Appellant would not be entitled to mandamus to force the Zoning Administrator to act, because the Zoning Administrator did issue an enforcement letter. However, Appellant is entitled to have his appeal of the Zoning Administrator= s action heard on the merits of that action. Therefore, we must address the motions to dismiss or for summary judgment on each of the contested questions in the Statement of Questions.

Summary judgment is GRANTED to Appellees on Questions 1 and 2 of the Statement of Questions. Appellee Connolly is the owner of a life estate in the property, and is also acting as agent for her daughter who holds fee title to the property.

Question 3 of the Statement of Questions appears to be beyond the scope of the appeal, and is therefore DISMISSED. All documents regarding the property in the zoning files of the Town are probably public records. If Appellant requests any documents in the course of discovery, which are refused to be produced, the Court has authority under the discovery rules to act on motions to compel and motions for protective orders.

Questions 7 and 8 call for an advisory opinion beyond the scope of this appeal, and are therefore DISMISSED. The question of a statute of limitations was not before the ZBA in the decision appealed from.

Question 10 calls for an interpretation of the relative private property rights of Appellant and Appellees, which is beyond the jurisdiction of the Environmental Court to resolve, and Question 10 is therefore DISMISSED.

Question 11 is within the scope of the appeal, as applied to the facts of this specific case. Question 12 calls either for an interpretation of the relative private property rights of Appellant and Appellees to the right-of-way, which is beyond the jurisdiction of the Environmental Court to resolve, or Question 12 calls for a policy determination within the province of the legislature and not the courts of the State of Vermont. Question 12 is therefore DISMISSED.

Summary judgment is GRANTED to Appellant on the first question contained in Question 13, in that 24 V.S.A. ' 4470(c) is in effect, and does allow a person to seek enforcement of any order of the ZBA. However, the question of whether, in the present case, there is any order of the ZBA of which Appellant may wish to seek enforcement, or any other available route to seek enforcement, is a question of legal advice or strategy which the Court cannot give to any litigant.

Questions 14 and 15 are within the scope of the appeal, as applied to the facts of this specific case.

Questions 16 calls for an advisory opinion beyond the scope of this appeal, and is therefore DISMISSED.

The multiple questions contained in Questions 17 and 18 are within the scope of the appeal, as applied to the facts of this specific case.

Question 19 calls for an advisory opinion beyond the scope of this appeal, and is therefore DISMISSED.

Summary judgment is GRANTED to Appellant on Questions 20 and 21 of the Statement of Questions. His failure to appeal any conditions of his own permits renders his own permits final, but does not affect his ability to request a zoning administrator to take enforcement action on a neighboring property.

Accordingly, based on the foregoing, Appellees= and the Town= s Motions for Summary Judgment are DENIED. Their Motion to Dismiss or for Summary Judgment on Questions 1, 2, 3, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 are resolved as follows:

Summary judgment is granted to Appellees on Questions 1 and 2.

Summary judgment is granted to Appellant on the first portion of Questions 13 and on Questions 20 and 21.

Questions 3, 7, 8, 10, 12, 16 and 19 are dismissed for the reasons stated above. Questions 5 and 6 do not exist.

Questions 4, 9, 11, 14, 15, 17 and 18 remain for resolution in the hearing on the merits of this appeal.

We will hold a telephone conference at 11:45 am on Monday, April 16 to discuss scheduling the remaining issues for trial. The afternoon of Wednesday, April 25, 2001, is available for the hearing in Barre; the parties should be prepared to state whether it may be scheduled at that time. The parties should be prepared to make their arguments orally at the close of the evidence, so that the Court can rule from the bench and the case can be concluded at the hearing.

Done at Barre, Vermont, this 10th day of April, 2001.


_____
Merideth Wright
Environmental Judge