VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00051



| McPartland ZA Appeal |
| --- |

### ENTRY REGARDING MOTION

Motion:     Motion to Dismiss and/or Clarify

Filer:     Benjamin W. Putnam, Attorney for the Town of Middlebury

Filed Date:     August 7, 2024

No response filed.[1]

**The motion is GRANTED in part and DENIED in part.**

In this on the record proceeding, John McPartland (Appellant) appeals a June 5, 2024 decision by the Middlebury Development Review Board (DRB) denying his appeal of a February 21, 2024 determination by the Zoning Administrator (Zoning Administrator) declining to take enforcement action against Richard Tinsley for alleged zoning violations occurring at his property located at 13 Washington Street Extension in Middlebury, Vermont (the Property).  Appellant timely appealed the DRB's decision to this Court on June 24, 2024.  Presently before the Court is the Town of Middlebury's (Town's) Motion to Dismiss and/or Clarify Appellant's Statement of Questions pursuant to Vermont Rule of Environmental Court Proceedings 5(f) and Vermont Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### Discussion

Appellant's Statement of Questions, filed July 10, 2023, is a three-page document that, for each question, contains an initial question followed by certain narrative and argumentative language.  As a threshold matter, a "statement of questions should be a short, concise and plain statement that

---

[1] On September 5, 2024, Appellant filed with the Court a document entitled "Appellant's Brief" which appears to be made pursuant to Vermont Rule of Appellate Procedure (V.R.A.P.) 28.  While no briefing schedule has been set by the Court at this time, we recognize that parts of Appellant's Brief are responsive to the Town's motion to dismiss and/or clarify, while the remainder of the brief argues the merits of the issues before the Court.  Accordingly, for purposes of addressing the pending motion, the Court considers the arguments made in Appellant's Brief that are responsive to the pending motion to dismiss.

will establish the scope of the appeal, and ultimately, the scope of the issues of trial." In re Champlain Marina, Inc., No. 28-2-09 Vtec, slip op. at 1—2 (Vt. Super. Ct. Envtl. Div. July 31, 2009) (citations omitted). It is well established that a Statement of Questions is not a mechanism for arguing one's claims and "detailed factual and legal information that goes beyond identifying the Questions and crosses over into arguing the merits . . . is misplaced . . .." In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.). As such, in addition to the required clarification and dismissal, as set forth below, we **STRIKE** all narrative and argumentative language outside of the specific Questions raised in Appellant's Statement of Questions. We now address each of the four Questions in turn.

The remainder of Appellant's Question 1 asks "[w]hy did the Zoning Administration fail to enforce regulations after Tinsley's subterfuge was detected." Appellant's Statement of Questions filed July 10, 2024. The Town moves to dismiss Question 1 for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. When considering Rule 12(b)(1) motions to dismiss, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party, Appellant here. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. A motion for failure to state a claim under Rule 12(b)(6) may not be granted unless it is beyond doubt that there are no facts or circumstances that would entitle the Town to relief. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted).

On it's face, Question 1 fails to state a legal claim for this Court to adjudicate. In Appellant's Brief, he responds to the Town's Motion to Dismiss by explaining that Question 1 asks whether the Property previously fell under the definition of a Rooming/Boarding House when it was used to house college students, and therefore whether the Property required conditional use approval. While we understand what Appellant is asking, the Court fails to see how it could grant any relief relating to this Question. It is undisputed that Property is no longer being used to house college students. In fact, Appellant's brief refers to an agreement providing that the Property will be used to house college staff and faculty. By Appellant's own admission, Mr. Tinsley has cured any past zoning violations related to the use of the Property as student housing such that there is no relief that this Court can offer at this time.[2] Accordingly, we **GRANT** the Town's motion to dismiss Question 1 for failure to state a claim upon which relief can be granted.

---

[2] With respect to any past violations that may have occurred, while the Zoning Administrator is statutorily bound to enforce the Town's zoning bylaws, **24 V.S.A. § 4452**, the nature of the remedy sought is discretionary. Richardson v. City of Rutland, 164 Vt. 422, 425 (1995).

2

Question 2 asks "[w]hy did the Zoning Administration fail to enforce Zoning conditions?" The stricken narrative portions of this Question pertain specifically to screening and landscaping requirements that were imposed in a previously issued permit for the Property. Despite this clarification, the Question, as written, misconstrues the on the record appeals process, in which we look at the decision rendered by the DRB, rather than the Zoning Administrator. See V.R.E.C.P. 5(h). Accordingly, we **GRANT** the Town's motion to clarify Question 2. Question 2 is hereby amended to read "Did the DRB err in upholding the Zoning Administrator's decision not to take enforcement actions related to screening of the dumpster and parking lot?"

Next, Question 3 asks "[w]hy did the Zoning Administration and DRB fail to consider our request that student housing not resume without first undergoing a Conditional Use Review?" The Town suggests amending this Question to ask "[d]id the DRB err in upholding the Zoning Administrator's decision not to take enforcement action relating to future resumption of student housing uses?" Regardless of how this Question is phrased, however, the Court lacks jurisdiction to rule on future uses of the Property or potential future violations, as doing so would constitute an impermissible advisory opinion. See In re Snowstone, LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 28, 214 Vt. 587 (explaining the prohibition against advisory opinions). Accordingly, we conclude that the Court lacks jurisdiction over Question 3 and therefore this Question is **DISMISSED**.

Lastly, Question 4 asks "[w]hy didn't Zoning penalize Tinsley for making changes in grading, site drainage, and stormwater retention, without first submitting a plan (Section 540 II B 5)?" Again, this Question appears to challenge the decision of the Zoning Administrator, rather than the DRB. The Town proposes amending this Question to ask "[d]id the DRB err in upholding the Zoning Administrator's decision not to take enforcement action relating to changes in grade or drainage?" We agree that the Town's proposed revision is a proper rephrasing of the Question, such that it retains the core issue raised by the Appellant. Accordingly, we **GRANT** the Town's motion to clarify/amend Question 4 and adopt the Town's proposed revision.

<u>Conclusion</u>

For the foregoing reasons, we **STRIKE** the narrative and/or argumentative language in Appellant's Statement of Questions. Furthermore, we conclude that the Court lacks jurisdiction over Questions 1 and 3 of the Statement of Questions, and therefore, those Questions are **DISMISSED**. Lastly, we **GRANT** the Town's motion to clarify/amend Questions 2 and 4 to properly reflect the

3

standard for this Court's on the record review of the DRB's June 5 decision. The following two Questions remain before the Court:

> 1. Did the DRB err in upholding the ZA's decision not to take enforcement actions related to screening of the dumpster and parking lot?
> 2. Did the DRB err in upholding the ZA's decision not to take enforcement action relating to changes in grade or drainage?

Electronically signed September 23, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division