STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 64-6-18 Vtec |

| | |
|---|---|
| Town of Halifax,<br> Plaintiff<br><br>v.<br><br>Bonnie LeMay,<br>Richard Jeffrey,<br> Defendants | DECISION ON MOTION |

The Town of Halifax (Town) brings this enforcement action against Defendants Bonnie LeMay and Richard Jeffrey, alleging that a shed on Defendant LeMay's property has outlasted its temporary permit in violation of the Town of Halifax Zoning Regulations (Regulations). Presently before this Court is the Town's unopposed motion for summary judgment. The Town is represented by Robert Fisher, Esq. Defendants LeMay and Jeffrey are self-represented.

**Legal Standard**

This Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable to this Court through V.R.E.C.P. 5(a)(2). In assessing whether a genuine dispute of material fact exists, this Court accepts as true allegations made in opposition to the motion if they are supported by evidentiary material. White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted). But when the nonmovant fails to file a statement of disputed facts, or does not raise any allegations contrary to the motion, this Court can consider the movant's facts "undisputed for purposes of the motion" pursuant to V.R.C.P. 56(e)(2). See In re 49 Tanglewood Final Plan Approval, No. 76-6-12 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2013) (Walsh, J.).

Summary judgment cannot be granted by default under Rule 56(e)(2).[1] Reporter's Notes to 2012 Amendment, V.R.C.P. 56(e)(2). "At most, facts are deemed admitted for purposes of the

---

[1] The first sentence of the Town's motion states that the Town is moving for default judgment. Given that the motion is titled as a motion for summary judgment, follows the form and sets out the standard for summary

motion, and the merits of the motion must always be considered." Id. In addition, this Court can consider materials in the record other than those cited in the statement of facts to supplement our understanding of the case. V.R.C.P. 56(c)(3); see Stone v. Town of Irasburg, 2014 VT 43, ¶ 56, 196 Vt. 356.

**Factual Background**

We recite the following findings of fact for the exclusive purpose of deciding the present motion.

1. Defendant LeMay owns property located at 194 Old Green River Road in Halifax, Vermont (Property). Defendant LeMay does not live at the Property.

2. Defendant Jeffrey is the tenant of Defendant LeMay and resides on the Property.

3. In November 2016, a fire destroyed a house and an 8-by-10-foot shed on the Property.

4. At some point after the fire, Defendants built a 10-by-12-foot shed on the Property without a permit.

5. On May 8, 2017, Defendant Jeffrey applied for a zoning permit for a temporary "Shed for Yard Equipment, etc." The permit application listed the shed's dimensions as 10-by-12-feet.

6. The Town's Administrative Officer approved the permit the following day with the sole condition that Defendants remove the shed by October 31, 2017, "or snowfall which ever [sic] comes first."

7. On May 16, 2017, Defendant Jeffrey applied for a second zoning permit, not specific to the shed, describing the proposed use of the Property overall as "temporary housing under section 407 of the Halifax Zoning Regulations."

8. The Administrative Officer approved the second permit the following day with the condition that "[t]his permit is only valid for one year and can be reapplied for another one year not to exceed 2 years."

9. On November 17, 2017, the Administrative Officer sent a notice of violation to Defendant LeMay (November 2017 NOV), which stated that "[t]he shed that has been placed on the property is too large."

10. The November 2017 NOV also informed Defendant LeMay of the appeals process and potential penalties, including a maximum fine of $100 for each day the violation continued.

---

judgment motions, and succeeds our denial of an earlier motion for default judgment on the record in an October 29, 2018 conference, we chalk this up to scrivener's error.

11.     Defendants LeMay and Jeffrey timely appealed the November 2017 NOV to the Town Zoning Board of Adjustment (ZBA) and included a "Motion to Stay Enforcement" in the appeal.

12.     On January 12, 2018, the Administrative Officer issued Defendant LeMay a second notice of violation (January 2018 NOV).  The January 2018 NOV informed Defendant LeMay that she was in violation of the Regulations because "[t]he oversized shed had not been removed from the property" by the October 31, 2017 deadline established by the Defendants' permit.

13.     The January 2018 NOV gave Defendant LeMay seven days to cure the violation and warned her of a daily fine of up to $100 if the violation continued.

14.     Defendants did not appeal the January 2018 NOV.

15.     Defendant Jeffrey was not named or referenced as an alleged offender in either the November 2017 NOV or the January 2018 NOV.

16.     On January 31, 2018, the ZBA conducted a public hearing on Defendants' appeal of the November 2017 NOV.

17.     The ZBA issued a written decision on March 6, 2018.  In its decision, the ZBA found that the shed was not too large, overturning the November 2017 NOV.

18.     The ZBA went on to state that it "denys [sic] any stay on the failure to remove the shed by October 31, 2017."

19.     The ZBA also stated that it "is bound by the [January 2018 NOV], which was not timely appealed . . . ."

20.     Defendants did not appeal the ZBA decision.

21.     The Town filed its Complaint with this Court on June 22, 2018.

22.     Defendant LeMay filed a handwritten note on July 11, 2018, with the Vermont Superior Court in Windham County, which this Court subsequently received on September 28, 2018.

23.     This Court accepted Defendant LeMay's note as an Answer to the Complaint on the record during an October 29, 2018 conference.  The Answer acknowledged that the shed was still standing as of the date it was written, which was not specified.

24.     As of November 20, 2018, the shed remained on the Property.

25.     The Town has incurred $3,126.99 in attorney's fees as a result of this matter.

### Discussion

The Town argues that because Defendants did not appeal the January 2018 NOV, the violation alleged by the Administrative Officer became final and binding.  Accordingly, the Town

asks this Court to order Defendants to remove the shed, pay fines for the ongoing violation, and pay its enforcement costs and attorney's fees.

## I.        Whether Defendants violated the Regulations

An appeal is the exclusive remedy available to parties who wish to contest the act or decision of a municipal body. 24 V.S.A. § 4472(d). A failure to appeal municipal decisions like notices of violation binds all parties, and this Court, to the determinations reached therein. Id.; Town of Brattleboro v. Lawrence, No. 132-6-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. Feb. 19, 2010) (Wright, J.). Once a municipal decision is final and binding, parties cannot later challenge, "either directly or indirectly," the contents of the decision. 24 V.S.A. § 4472(d). This is the case even where the municipal decision may be ultra vires or in error. In re Feeley Constr. Permits, Nos. 4-1-10 Vtec, 5-1-10 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 3, 2011) (Wright, J.) (citing City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89 (2000); Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989)).

Based on the undisputed material facts, the violation described in the January 2018 NOV became binding on the parties when it was not appealed. The parties are also bound by the unappealed ZBA decision, in which the ZBA recognized that it too was bound by the January 2018 NOV.[2] Further, Defendants have not contested the lapse of the deadline for removal or the finality of the January 2018 NOV at any point. Thus, the existence of the violation detailed in the January 2018 NOV cannot be challenged: Defendants violated the Regulations because of an oversized shed that was not removed by the permit deadline. Though the unappealed January 2018 NOV described the shed as oversized, the Town's enforcement action focuses on Defendants' failure to remove the shed by the permit deadline. We conclude that the size of the shed is not at issue and the Town here seeks to enforce a single violation.

## II.       Whether the Town is entitled to its requested relief

The Town asserts it is entitled to fines under 24 V.S.A. § 4451 and injunctive relief under 24 V.S.A. § 4452 from both Defendants. However, our review of the materials cited by the Town in support of its motion revealed a procedural history that affects the relief the Town is entitled

_____

[2] We reiterate that even though the ZBA overturned the November 2017 NOV in its decision, concluding that the size of the shed did not violate the Regulations, it also bound itself to the violation described in the January 2018 NOV. Thus, the ZBA's determination regarding the finality of the January 2018 NOV also became final and binding on the parties when it was not appealed.

to receive.  Specifically, we observed that both the November 2017 and the January 2018 NOVs were addressed to Defendant LeMay alone.

Pursuant to § 4451, under which the Town requests fines, alleged offenders are entitled to seven-day notice for any violation and an opportunity to cure.  See 24 V.S.A. § 4451; see also Gurman NOV, No. 66-6-18 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Oct. 31, 2018) (Walsh, J.) (dismissing an enforcement action initiated under § 4451 because no notice of violation was issued).  Because neither of the NOVs provided Defendant Jeffrey with any notice that he might be responsible for fines if the alleged violation was not cured, this Court cannot leverage any fines against him pursuant to § 4451.  Accordingly, we **GRANT IN PART** and **DENY IN PART** the Town's request for fines under § 4451.  Defendant LeMay is liable for fines, but Defendant Jeffrey is not.

This procedural history does not affect the Town's request for injunctive relief pursuant to § 4452, which enables administrative officers to undertake, and this Court to approve, actions necessary to halt or correct violations.  24 V.S.A. § 4452.  A properly noticed NOV is not required for the Town to pursue relief under § 4452.  Id.; In re Cote Notice of Violation, No. 273-11-06 Vtec, slip op. at 3 (Vt. Envtl. Ct. Dec. 5, 2007) (Durkin, J.).  Further, "the municipality does not have to show irreparable harm or the lack of an adequate alternative remedy to obtain an injunction; the showing of a violation is sufficient." City of Burlington v. Muir, No. 117-8-13 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Jan. 23, 2015) (Walsh, J.) (citing Town of Shelburne v. Carpenter, 155 Vt. 126, 129 (1990)).  This Court therefore **GRANTS** the Town's request for injunctive relief and orders Defendants to remove the shed within **30 days**.  If the shed is not removed within the allotted time, this Court permits the Town to enter the Property to remove the shed, with both Defendants bearing the cost of removal.

### III.    Penalty Analysis

We next assess the appropriate fine to be imposed on Defendant LeMay.  This Court has "broad discretion" in setting the penalty for a zoning violation under § 4451. In re Tenney Notices of Violation, Nos. 226-12-03 Vtec et al., slip op. at 6 (Vt. Envtl. Ct. Dec. 23, 2009) (Wright, J.) (quoting Town of Hinesburg v. Dunkling, 167 Vt. 514, 528 (1998)).  The Court imposes penalties calculated to "remove the economic benefit and any avoided costs achieved by the defendant from the violation, as well as to compensate the enforcement entity generally for the legitimate costs of bringing the enforcement action." Town of Calais v. Noordsij, No. 142-6-06 Vtec, slip op.

5

at 7 (Vt. Envtl. Ct. Aug. 29, 2008) (Wright, J.) (citing City of St. Albans v. Hayford, 2008 VT 36, ¶¶ 15-18, 183 Vt. 596). The Court may also consider the factors enumerated in the state environmental enforcement statute in setting a penalty, which include the defendant's knowledge of the violation, the amount necessary for deterrence, and the presence of mitigating circumstances. See 10 V.S.A. § 8010(b), (c)(2); Town of Fairfax v. Beliveau, No. 274-11-08 Vtec, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Mar. 30, 2012) (Wright, J.) (citing In re Jewell, 169 Vt. 604, 606-07 (1999)).

Pursuant to § 4451(a), this Court has the discretion to assess a maximum penalty of $200 per day of violation. Because both NOVs informed Defendant LeMay that she would be subject to a maximum fine of $100 per day, however, we limit ourselves to that figure. See Muir, No. 117-8-13 Vtec at 6 (Jan. 23, 2015) (limiting maximum fine to amount set forth in notices of violation).

After the January 2018 NOV, Defendant LeMay had seven days to remove the shed to avoid fines. As of November 20, 2018, the shed remained on the Property. Thus, the violation has persisted on the Property for at least 305 days, which equates to a maximum possible fine of $30,500.00. Additionally, the Town has shown that it expended $3,126.99 in legal fees addressing the violation.

We consider Defendant LeMay's circumstances and the difficulties she has faced in removing the shed, along with the hardships resulting from the 2016 fire, to be mitigating factors. See Id. at 7 (considering mitigating factors in assessing fine); 10 V.S.A. § 8010(b)(2). The Town also has not presented any evidence that Defendant LeMay avoided costs or derived economic benefit from the violation. See Lawrence, No. 132-6-08 Vtec at 3 (Feb. 19, 2010) (reducing penalty due to lack of economic benefit from violation).

Accordingly, the Court hereby requires Defendant LeMay to reimburse the Town for its enforcement costs in the amount of $3,126.99. As ordered above, Defendants LeMay and Jeffrey have 30 days to remove the shed from the Property. In the event that Defendants do not remove the shed, this Court imposes an additional fine of $3050.00 on Defendant LeMay—or $10 per day for each of the 305 days of the violation—to deter Defendant LeMay from perpetuating the violation.

**Conclusion**

Because both the January 2018 NOV and the ZBA's decision incorporating the January 2018 NOV became final and binding when they were not appealed, the Town is entitled to relief.

For the reasons set forth above, the Town's request for fines pursuant to 24 V.S.A. § 4451 is **GRANTED IN PART** and **DENIED IN PART**. Defendant LeMay is responsible for reimbursing the Town for its enforcement costs in the amount of $3,126.99. Defendant Jeffrey is not liable for any fines.

Further, the Town's motion for injunctive relief against both Defendants pursuant to 24 V.S.A. § 4452 is **GRANTED**. Defendants shall have **30 days from the date of this decision (February 15, 2019)** to remove the shed from the Property. If the shed is not removed within the allotted time, Defendant LeMay will owe an additional fine of $3050 to the Town and the Town is then entitled to enter the Property to remove the shed itself. Both Defendants shall be responsible for reimbursing the Town for the cost of removal.

This concludes the matter before this Court. A Judgment Order accompanies this Decision.

Electronically signed on January 16, 2019 at 10:18 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

7