STATE OF VERMONT
ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| **Town of St. Albans, Plaintiff,** | } | |
| v. | } | **Docket No. 165-8-07 Vtec** |
| **Janet Cote, Defendant.** | } | **(municipal enforcement action)** |
| | } | |

## Decision on the Merits

In this action, the Town of St. Albans ("Town") asks the Court to assess penalties and an injunction against Defendant Janet Cote for conducting activities on her property without obtaining a zoning permit, as required by the Town of St. Albans Zoning Bylaws and Subdivision Regulations, last amended May 8, 2006 (hereinafter referred to as "Regulations"). By Judgment Order filed December 19, 2007, this Court announced its determination in a prior proceeding[1] that Ms. Cote had violated the Regulations. This enforcement action was then set for trial, to determine to what relief the Town was entitled as a consequence of Ms. Cote's zoning violations.

## Procedural History

The following background will help explain the nature of these proceedings and give context to the Factual Findings and Conclusions we announce below.

1. The Town initiated its enforcement action against Defendant by first giving notice of its belief that she had and was continuing to violate its Regulations, due to activities on her property at 65 Sandy Cove Road.

2. The Town's notice of zoning violations ("NOV") to Defendant was by way of a letter, dated July 11, 2006, from the Town Zoning Administrator ("ZA"); the ZA specifically asserted in the NOV that Defendant dug a drainage ditch and placed an underground pipe across her property such that it drained onto a neighbor's property, and that Defendant placed over 100 cubic yards of fill in various places on or along the border of her property, all in violation of Regulations § 411. A copy of the NOV was attached to the Town's Complaint as Exhibit A and admitted into evidence at the trial in these proceedings as Defendant's Exhibit 1.

3. Ms. Cote filed a timely appeal of the NOV with the Town of St. Albans Development Review Board ("DRB") on August 2, 2006.

---

[1] See In re: Cote NOV Appeal, Docket No. 273-11-06 Vtec, Order on Motion to Continue and Judgment Order (Vt. Envtl. Ct. Dec. 19, 2007) (Durkin, J.).

4.    The DRB held a public hearing on Ms Cote's appeal and issued a written decision, upholding the NOV on November 21, 2006.

5.    Defendant thereafter filed a timely appeal of the DRB decision with this Court in November, 2006.  That appeal was assigned Docket No. 273-11-06 Vtec.

6.    Ms. Cote thereafter filed her Statement of Questions in Docket No. 273-11-06 Vtec, consisting of thirty-four separate Questions.  In response to the Town's motion to dismiss, this Court dismissed[2] all but Question 29 from Ms. Cote's Statement of Questions.  Since Question 29 requested the general reversal of the DRB's decision, the Court set Ms. Cote's NOV appeal for trial.

7.    While Ms. Cote's NOV appeal was pending, the Town initiated this enforcement action.[3] Because the NOV appeal had progressed on the Court's docket by the time that the enforcement action was filed, these cases were not consolidated for trial.

8.    Ms. Cote's NOV appeal was set for trial at the Franklin County Superior Courthouse on December 19 and 20, 2007.  Prior to trial, Ms. Cote filed a motion to dismiss both the Town's enforcement action and her own NOV appeal.  The Court denied those motions and did not disturb the trial schedule.[4]

9.    After completing the NOV merits hearing, the Court rendered its decision on the record and issued its Judgment Order, denying the appeal and concluding that Ms. Cote was responsible for the zoning violations for which the ZA gave notice on July 11, 2006.[5]  Ms. Cote thereafter filed an appeal of this Court's determinations with the Vermont Supreme Court, where the appeal remains pending.  The Supreme Court assigned Docket No. 2008-011 to that appeal.

10.    Recognizing that a related enforcement action remained pending before this Court, the Supreme Court on March 14, 2008 stayed the appeal before it, pending the outcome of this enforcement action.

11.    Due to the prior determination to uphold the NOV, this Court completed a merits hearing on the Town's enforcement action in which the Court's new determinations were limited to

---

[2]  See In re: Cote NOV Appeal, Docket No. 273-11-06 Vtec, Decision on Motion to Dismiss (Vt. Envtl. Ct. Aug. 22, 2007) (Durkin, J.).

[3]  The Town filed its enforcement action in Docket No. 165-8-07 Vtec on August 9, 2007.

[4]  See In re: Cote NOV Appeal, Docket Nos. 273-11-06 Vtec and 165-8-07 Vtec, Decision on Motion to Dismiss (Vt. Envtl. Ct. Dec. 5, 2007) (Durkin, J.).

[5]  See In re: Cote NOV Appeal, Docket No. 273-11-06 Vtec, Order on Motion to Continue and Judgment Order (Vt. Envtl. Ct. Dec. 19, 2007) (Durkin, J.).

whether the Town was entitled to the injunctive relief and imposition of fines against Ms. Cote that the Town had requested in its Complaint. For purposes of assessing the propriety of such relief, the Court relied upon its prior determinations in Ms. Cote's NOV appeal, including the following:

    a. Ms. Cote caused more than 100 cubic yards of fill to be delivered to her property from off-site;

    b. portions of this fill were used to create earthen berms along a considerable portion of her northern, southern and western boundaries, which berms disturbed and redirected the natural flow of surface and storm water on her and neighboring properties;

    c. Ms. Cote also caused a drainage ditch to be installed on her property, causing water and effluent from a nearby failed waste disposal system to be diverted onto an abutting property; and

    d. Ms. Cote filled in a portion of the northerly roadside ditch along Sandy Cove Road, thereby disturbing the natural flow of water in said ditch.

In re: Cote NOV Appeal, Docket No. 273-11-06 Vtec, Order on Motion to Continue and Judgment Order (Vt. Envtl. Ct. Dec. 19, 2007) (Durkin, J.).

## Findings of Fact

Based upon the evidence presented at the enforcement action merits hearing, including that evidence put into context by the site visit the Court conducted with the parties on June 19, 2007, the Court does hereby render the following Factual Findings, Conclusions and separate Judgment Order:

12. Ms. Cote's property consists of a long, rectangular lot that is near the eastern shore of Lake Champlain. It contains several structures, including a store and three separate residences. Ms. Cote leases out the store and two of the residences and uses the third residence herself.

13. The previously established natural flow of surface water traveled from other properties to the south and east of Ms. Cote's property and across Ms. Cote's property in a westerly and northwesterly direction. Surface water would sometimes collect along Ms. Cote's northerly boundary and then run in the ditch on her northern boundary, as it parallels Sandy Cove Road.

14. The water that travelled in the past over Ms. Cote's property sometimes caused problems for her and her residences. She complained to and had several discussions about this condition with Town officials.

15. Ms. Cote often found her communications with Town officials frustrating. While Ms. Cote is not solely responsible for her difficulty in communicating with Town officials in a

satisfactory manner (e.g., trial evidence showed that Town officials sometimes were short with Ms. Cote or declined to speak directly with her), most of Ms. Cote's frustrations stem from her inability to listen accurately to what is said to her and her inclination to assume that people are purposefully acting against her interests. Ms. Cote is often unwilling or unable to accept that many of her land use disputes are of her own making; she does not exhibit an ability or willingness to accept responsibility for her land use decisions, particularly her decisions to conduct improvements on her property without a permit.

16. Town officials suggested some remedies to Ms. Cote for the water flow problems that were occurring on her property. They never suggested to Ms. Cote that she complete these remedies without obtaining the necessary zoning permits.

17. Ms. Cote chose to conduct the complained-of improvements to her property without ever seeking to obtain the necessary zoning permit. As of the date of trial, Ms. Cote had continued to refuse to apply for the necessary permit. Ms. Cote chose to not even inquire of the ZA as to what permits may be needed for her proposed work, before or after completing the work.

18. Ms. Cote's initial defense to the NOV was to deny that she needed a permit for the work she conducted on her property. She then denied that she had completed the work that the Town alleged. She then attempted to have this enforcement proceeding, and even her own NOV appeal, dismissed for several reasons, including that she had completed all remedial work that could be required of her.

19. Ms. Cote's activities, both on her property and in both Court proceedings, caused the ZA, Town Road Commissioner and three of the Town Selectboard members to expend considerable time and energies in responding to her complaints and defenses.

20. Ms. Cote's actions also caused the Town to incur substantial attorney's fees in its prosecution of what the Court has already concluded was a meritorious NOV. One example, by no means the most significant, of Ms. Cote's unnecessary actions that caused the Town to incur additional attorney's fees and court costs was her extended efforts at avoiding service of the Town's Complaint; her actions ultimately caused the Town to seek and obtain Court approval for using alternate means of service.[6]

21. The ZA testified at trial that the Town has incurred nearly $22,000.00 in attorney's fees and court costs, solely due to its prosecution of Ms. Cote's zoning violations, as noticed in the

---

[6] See Town of St. Albans v. Cote, Docket No. 165-8-07 Vtec, Entry Regarding Motion (Vt. Envtl. Ct. Sept. 24, 2007) (Durkin, J.).

July 11, 2006 NOV. Because the Town chose not to offer documentation to support its claim of fees and costs incurred, we cannot make a specific finding. But we conclude that the credible evidence supports the Town's assertion that Ms. Cote caused the Town to expend "an unusual amount of time" in this zoning enforcement proceeding, such that Ms. Cote caused the Town to incur an "exorbitant" amount of costs. Given what the Court has witnessed, it is no surprise to learn that the Town spent nearly $22,000.00 on this enforcement action.

22.     Ms. Cote has remedied a portion, but not all, of the unpermitted activities on her property; she has caused the drainage ditch she installed to be filled in and has moved or removed some, but not all, of the fill placed on her property. She completed this remedial work all without notice to the Town or an opportunity for the Town to assess its propriety under the Regulations. She continues to refuse to obtain a permit for the work already conducted or for the remedial work she plans to conduct. From her trial testimony, the Court cannot discern the direction in which surface water now flows across her property, particularly in relation to the flow of surface water prior to her unpermitted activities.

23.     Ms. Cote continued through trial to have no appreciation of the damage that her unpermitted activities have or could cause to the adjacent Town road and neighboring properties. She continues to sincerely believe that she is the victim of these other parties' actions.

24.     Ms. Cote asserted that she is the victim of the Town's unlawful selective enforcement of its Regulations. Her evidence was so unconvincing as to not warrant analysis by this Court.

**Discussion**

The issues to resolve in these proceedings are fairly narrow, since the Court has already determined that Defendant has committed the zoning violations noticed by the ZA on July 11, 2006. By its Complaint, the Town seeks two awards against Defendant: (1) penalties for each day Defendant has continued her violations and (2) an order requiring Defendant to obtain the necessary permits to bring her property into compliance with the Regulations. We address each of the Town's prayers for relief in turn.

**Civil Penalties**

Zoning violations are considered to be potentially serious offenses by our Legislature, as is evidenced by the authorization to impose a civil penalty of up to $100.00 for each day that a violation continues, pursuant to 24 V.S.A. § 4451(a). As a civil and not a criminal penalty, any penalty authorized by § 4451(a) may not be punitive in nature; the penalty must be "rationally

related to the damages suffered from landowner's violation of [the] Town's bylaw." Town of Hinesburg v. Dunkling, 167 Vt. 514, 528 (1998).

In rendering our determination here, we do not intend to penalize Defendant in excess; doing so would unlawfully convert the civil penalty authorized by § 4451(a) into a punitive sanction. But it is beyond dispute that a civil penalty is appropriate here, and it is beyond dispute, in light of Defendant's persistent avoidance of her obligation to obtain a permit, that the civil penalty must be substantial.

Section 4451(a) provides us with some parameters of reference; it establishes that this Court may impose a penalty of "not more than $100.00 per day for each offense." We have held that this provision implies that "we reserve a fine of $100.00 per day for the most egregious of zoning infractions." Huntington NOV Appeal, Docket Nos. 204-8-06 Vtec and 209-9-06 Vtec, Decision on the Merits, slip op. at 8 (Vt. Envtl. Ct. March 18, 2008) (Durkin, J.). Because we concluded that Defendant committed three zoning infractions, the statutory maximum Defendant here faces could be $300.00 per day, given the ditch work, piping, and excessive fill work the Court has already determined that she has committed.

As noted in our Findings above, Defendant has been persistent in her violations; she has vigorously asserted alternate defenses and, even at trial and after she had asserted that she had completely remedied her zoning infractions, continued to refuse to submit an application for the necessary zoning permit. As we also stated in the Huntington NOV Appeal:

> [while] we do not intend to dampen the sincere exercise of the rights of property owners to defend against illegitimate claims of zoning infractions . . . we cannot ignore the expense to municipalities in fulfilling their police-power responsibilities of enforcing zoning regulations. When a municipality prevails in a contested zoning enforcement proceeding, a civil fine premised upon the costs a municipality incurs has been viewed as proper.

Id. (citing Hinesburg v. Dunkling, 167 Vt. 514, 527–28 (1998)).

Despite the vigor with which Defendant fought the Town's ultimately successful zoning enforcement proceedings, we cannot classify Defendant's zoning transgressions as the most egregious that the Court has been called upon to assess. We therefore decline to impose a penalty here that is at or close to the statutory maximum. But we conclude that the nature of Defendant's zoning violations and the extent to which Defendant caused the Town and its officers to expend public monies, time and effort, justifies the imposition of a cumulative fine near to the expenditures the ZA credibly estimated at trial. Thus, for the 618 days that ran from

the date the NOV was issued (July 11, 2006) to the day of trial (March 19, 2008), we hereby impose a penalty against Defendant and in favor of the Town of $35.00 per day.

## Injunctive Relief

Actions in which a party requests an injunction often cause the trial court to engage in a balancing test. See Thompson v. Smith, 119 Vt. 488, 509-10 (1957) (explaining balancing test for injunctive relief).[7] One exception to that general rule occurs in cases, such as here, where a municipality is requesting an injunction as part of a zoning enforcement action. In such cases, the authority to request the injunction derives from 24 V.S.A. § 4452. The statute has been interpreted as directing a trial court to

> focus on two areas of inquiry. The first is whether the violation of the zoning ordinance is substantial . . . . [O]nce the court finds that a violation is substantial, further balancing of injury and cost is generally inappropriate.
>
> The second area is whether the landowner's violation is innocent or, alternatively, involves conscious wrongdoing. Courts have generally found that a conscious decision to go forward, in the face of a direction not to from the regulatory body, outweighs factors pointing against the issuance of a mandatory injunction.

Town of Sherburne v. Carpenter, 155 Vt. 126, 131-32 (1990) (citations omitted).

In this case, the violations were substantial and the wrongdoing was conscious, particularly after Defendant was given notice of her need to obtain a zoning permit under Regulations § 411.[8] Ms. Cote's utter refusal to acknowledge her zoning infractions continued through trial. We hope, but are not certain, that an order from this Court, directing Defendant to obtain the necessary municipal permit, will assist Defendant in acknowledging her obligation. While the precedent of Shelburne v. Carter does not require us to engage in the balancing test that normally must be employed by trial courts when asked to consider an injunction, we note that by failing to apply for and obtain the necessary municipal approval for her work, she has deprived the Town and her neighbors of any clear notice of what she has done and intends to do on her property, and has also deprived them of the opportunity to be heard regarding her land improvements. This case provides a clear example of the important role that municipal land use regulations fulfill, since Defendant's actions are not mere technical violations of the Regulations; her actions have substantially diverted the flow of surface waters and wastewater from a nearby

---

[7] See also Appeal of Gadhue, 149 Vt. 322, 325-26 (1987) (abrogating the standing limitations relied upon in Thomson).

[8] The NOV specifically quotes from Regulations § 411, which provides that "[a]ny land alteration or excavation that would cause a substantial change in the volume, velocity or drainage, requires site plan approval . . .."

failed septic system onto neighboring properties and a Town road. By failing to abide by these Regulations, Defendant has evidenced a complete disregard for the impact her actions had upon others. It is for these reasons that we conclude that the requested injunction is appropriate. Further, because of our concerns, detailed above, that Defendant is as of yet unable to acknowledge the importance of conforming to the Regulations, we will impose specific deadlines and further penalties upon Defendant, to encourage her compliance with the Regulations.

### Conclusion

For all the reasons stated above, we impose a civil penalty upon Defendant Janet Cote, at the rate of $35.00 per day for each day from the date of the Town's notice of violation (July 11, 2006) and through the date of trial (March 19, 2008), for a total of $21,630.00. Further, we direct that Defendant Cote submit within ninety (90) days from this Decision (i.e., no later than Wednesday, November 12, 2008) to the Town Zoning Administrator a complete application pursuant to the Regulations for all drainage, piping and fill work completed on her property, remedial work already conducted on her property, and any further remedial work she proposes to complete on her property. Should she fail to meet this permit application submission deadline, without authority from a court then having jurisdiction over this case, Defendant Cote shall be liable to the Town for a further civil penalty of $50.00 for each day she continues to fail or refuse to submit a complete application.

This completes the proceedings in this matter before this Court. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont this 14th day of August, 2008.

_____
Thomas S. Durkin, Environmental Judge