STATE OF VERMONT

SUPERIOR COURT                           ENVIRONMENTAL DIVISION
                                         Docket No. 138-8-10 Vtec
                                         Docket No. 1-1-11 Vtec

| | |
|---|---|
| In re: Wood NOV & Permit Applications<br><br>Town of Hartford v. Marc & Susan Wood | DECISION ON POST-JUDGMENT MOTIONS |

These two matters were coordinated for trial, which was completed in 2011 and was the subject of a Corrected Merits Decision issued on March 27, 2012. This Court denied the applications that were the subject of Docket No. 138-8-10 Vtec and granted injunctive and monetary penalties to the Town of Hartford ("Town") in Docket No. 1-1-11 Vtec.[1]

Marc Wood ("Mr. Wood") filed a timely appeal of all factual and legal determinations. The Vermont Supreme Court issued its affirmation as to all determinations, which resulted in the conclusion of these legal proceedings, for the time being. See In re Wood NOV and Permit Amend. Applications, 2013 VT 40, 194 Vt. 190.

Mr. Wood's dispute concerning the development of his properties along Vermont Route 14 in the Town of Hartford pre-dates even these dockets. The Supreme Court quoted this Court's summary of the history of the parties' various disputes:

> [The parties] have engaged in multiple litigations, in multiple courts, over multiple years, all with common themes: whether various plans for development of two adjoining parcels of land along Vermont Route 14 should be approved, whether the development that has occurred is in accordance with either a prior

---

[1] As relevant here, the March 27, 2012 Corrected Merits Decision and accompanying Corrected Judgment Order ("2012 Order") required the following of Mr. Wood:
1. Pay $51,300.00 in penalties to the Town for his zoning violations;
2. Cease all construction activities on the subject properties;
3. Cause a Vermont licensed engineer to submit a removal plan as well as a slope stabilization plan to ensure the safe removal of the retaining wall and other unauthorized improvements on the subject properties; and
4. Remove the retaining wall and all other unauthorized improvements, in accordance with the safe removal and stabilization plans.

See In re Wood NOV and Permit Amend. Applications, Nos. 138-8-10 Vtec and 1-1-11 Vtec (Vt. Super. Ct. Envtl. Div. Mar. 27, 2012) (Durkin, J.).

zoning permit or the applicable zoning regulations, and whether Marc Wood's development of those parcels should be regarded as violating those zoning regulations.

In re Wood, 2013 VT 40, ¶ 2.

By the Supreme Court's estimate, these Dockets represented at least the tenth time that Mr. Wood had asked that a permit application, amendment application, or reconsideration be given to his plans to develop the Route 14 properties. Id. ¶¶ 4–21. The facts relevant to those previous applications and reconsideration requests are summarized in this Court's Corrected Merits Decision and the Supreme Court's Decision. See In re Wood NOV and Permit Amend. Applications, 138-8-10 Vtec and 1-1-11 Vtec (Vt. Super. Ct. Envtl. Div. Mar. 27, 2012) (Durkin, J.), *aff'd* 2013 VT 40, 194 Vt. 190.

Though the matters are resolved, these closed Dockets have been revisited periodically in the intervening years to address several post-judgment motions. In 2014, this Court granted the Town's motion to hold Mr. Wood in contempt for failing to pay all fines due, including interest, and to complete performance of all injunctive relief. In re Wood NOV and Permit Apps., Nos. 138-8-10 Vtec and 1-1-11 Vtec (Vt. Super. Envtl. Div. Aug. 12, 2014) (Durkin, J.).[2] In a Decision and Order issued April 3, 2017 ("2017 Order"), this Court found Mr. Wood in further contempt of the 2012 Order and ordered him to comply with the remaining injunctive provisions, reimburse the Town for its expenses, and remove the remnants of a derelict building ("the Diner") from his properties. In re Wood NOV and Permit Apps., Nos. 138-8-10 Vtec and 1-1-11 Vtec, slip op. at 8–9 (Vt. Super. Ct. Envtl. Div. April 3, 2017) (Durkin, J.).[3]

---

[2] Mr. Wood did pay the principal fine of $51,300 but failed to pay the accrued interest of $10,664.76. In re Wood, Nos. 138-8-10 Vtec and 1-1-11 Vtec at 1 (Aug. 12, 2014). More importantly: "Mr. Wood continue[d] to assert that his unpermitted and dangerous structures should be allowed to remain on his property, even after nearly fifteen years of disputes with the Town, Court rulings against him, and affirmances of those orders by the Vermont Supreme Court." Id. at 2. The August 12, 2014 Order required Mr. Wood to fulfil the remaining injunctive provisions of the 2012 Order. Id.

[3] Mr. Wood's engineer, Randall H. Bragdon, PE, of Souhegan Valley Engineering, LLC, prepared removal and slope stabilization plans for the unauthorized retaining wall as required by the 2012 Order. The Town and Engineer Bragdon agreed that certain revisions to the plans were necessary. As to the remaining injunctive provisions of prior orders, "Mr. Wood ha[d] failed, some five years after judgment, to even begin . . . the dismantling of the unpermitted structures." Id. at 8. As relevant here, the 2017 Order required that Mr. Wood:

1. Work with his engineer to revise the wall removal and slope stabilization plans in conformance with the Court's directions and provide the plans to the Court and the parties no later than April 7, 2017;

Now, more than seven years after the 2012 Order and six years after the Supreme Court's affirmance, the Town continues to seek enforcement of this Court's orders requiring Mr. Wood to dismantle the hazardous retaining wall spanning his properties. On July 22, 2019, the Town filed a Second Motion to Enforce and for Contempt and attached an affidavit from the Town Zoning Administrator along with other exhibits. This Court then issued an Order to Show Cause asking Mr. Wood to appear at a hearing on October 7, 2019 and explain why he should not be held in contempt for violating the directives set forth in the 2012 and 2017 Orders. The Town appeared at the hearing, represented by William F. Ellis, Esq. Mr. Wood did not appear, nor did his attorney.[4]

The hearing on October 7, 2019 proceeded in Mr. Wood's absence. The Court reviewed the motion, heard the Town's position and, with no showing from Mr. Wood, granted the Second Motion to Enforce and for Contempt on the record. The Court directed the Town to file its request for relief by October 18, 2019.[5] This Decision and Order sets forth the Court's reasons for holding Mr. Wood in contempt of the 2012 and 2017 Orders and addresses the Town's motion for relief.

**Findings of Fact**

1. Mr. Wood did not appear at the October 7, 2019 hearing following the Court's Order to Show Cause.

2. The Court received no correspondence from Mr. Wood before or after the hearing.

3. Mr. Wood has not completed the removal of the retaining wall, in accordance with the safe removal plan, as required by the Court's 2012 and 2017 Orders.

---

2. Cause all work necessary to comply with the revised plans to safely remove the retaining wall and stabilize the slope on his properties no later than November 15, 2017;

3. Cause the complete removal of all remnants of the Diner from his properties by no later than November 15, 2017;

4. Immediately pay $14,000.00 to reimburse the Town for reasonable fees and expenses incurred as a direct consequence of his contempt, and in the event that he failed to complete the removal and stabilization work by the deadline, pay an additional sum of $6,000 which (when added to the sum of $14,000) constituted full reimbursement of the Town's legal fees and expenses.

Id. at 8–9.

[4] Mr. Wood's attorney, Brice C. Simon, Esq., requested leave to withdraw from these matters in a motion filed October 7, 2019. Attorney Simon stated that Marc and Susan Wood had failed to communicate effectively with counsel. The Court will address the pending motion to withdraw in a separate entry order.

[5] The Town filed its request in the form of a motion on October 21, 2019.

4. He has not implemented the slope stabilization plan as required by the Court's 2012 and 2017 Orders.

5. After missing the deadline of November 15, 2017 to complete the required work, Mr. Wood paid the Town $20,000.00 in accordance with the 2017 Order.

6. Mr. Wood has demolished the Diner building but has not completely removed the materials.

7. He has removed portions of the retaining wall; the portion on one of the two subject properties ("the Diner Property") is completely removed, and the portion on the other property ("the Grange Property") is approximately 60 percent removed.

8. A significant portion of the retaining wall remains, and Mr. Wood continues to stack the concrete slabs used to build the wall on his properties.

**Conclusions of Law**

The affidavit and exhibits attached to the Town's motion for contempt and for enforcement indicate that Mr. Wood has made progress toward compliance with our prior orders. He has reimbursed the Town for prior enforcement expenses, demolished the Diner, and taken substantial steps to remove the retaining wall. This is encouraging news. However, we remain very concerned that a significant portion of the wall still stands. It has been over seven years since Mr. Wood was ordered to remove the wall, and over two years since our last post-judgment contempt order requiring the same. As we have said: "Failure of the wall could cause serious property loss and personal injury." In re Wood NOV and Permit Amend. Applications, Nos. 138-8-10 Vtec and 1-1-11 Vtec, slip op. at 16 (Vt. Super. Ct. Envtl. Div. Mar. 27, 2012) (Durkin, J.).

The revised plans for safe removal and slope stabilization that Mr. Wood has been ordered to follow are necessary to minimize the continuing safety risks, yet Mr. Wood has not fully implemented either plan. In addition, it appears he has not removed all materials related to the Diner building and he continues to stack concrete slabs on the properties. For these reasons, we find Mr. Wood in violation of this Court's 2012 and 2017 Orders.

This Court has inherent and statutory authority to punish disobedience of its orders. In re Morse, 98 Vt. 85, 94 (1924) ("[A] grant of authority to either a legislative or judicial body

carries with it implied power to punish for contempt, in so far as necessary to preserve and carry out the legislative authority given."); 12 V.S.A. § 122. Section 122 of Title 12 of the Vermont Statutes Annotated provides for the initiation of contempt proceedings against any party who violates a court order, regardless of whether the case is currently active. Id. This authority to punish disobedience is a "creature of necessity" meant to ensure that the Court "has a means to vindicate its own authority." See State v. Stell, 2007 VT 106, ¶ 14 (quoting In re C.W., 169 Vt. 512, 517 (1999)).

The purpose of a civil contempt remedy is to compel compliance with a court order. Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.). The Court has discretion to fashion an appropriate remedy. See id. (quoting Russell v. Armitage, 166 Vt. 392, 407–08 (1997)). This may include compensatory fines, or coercive sanctions under appropriate circumstances. Mann v. Levin, 2004 VT 100, ¶ 32, 177 Vt. 261 (citing Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 151 (1992)). We also note that the injunctive relief granted to the Town in our prior orders remains in effect. See Wood NOV, Nos. 138-8-10 Vtec and 1-1-11 Vtec at 18 (Mar. 27, 2012) (finding injunctive relief appropriate pursuant to 24 V.S.A. § 4452 and Town of Sherburne v. Carpenter, 155 Vt. 126 (1990)).

Considering the length of time that has elapsed, this Court's repeated orders and admonishments, Mr. Wood's continuing noncompliance with those orders, and his failure to appear or otherwise appraise the Court of his intentions following the September 12, 2019 Order to Show Cause, we hold Mr. Wood in **CONTEMPT** of the 2012 and 2017 Orders.

The Town's motion for relief seeks the following remedies:

1. A mandatory injunction requiring Mr. Wood to comply with the terms of prior orders by June 30, 2020;

2. An award to the Town of reasonable costs and attorney's fees incurred in seeking Mr. Wood's compliance with the Court's orders;

3. Prospective fines of $500 per day for every day after June 30, 2020, that Mr. Wood remains noncompliant with the Court's orders; and

4. A Judgment Order including the foregoing terms in a form suitable for recording as a judgment lien in the land records.

We recognize the tremendous effort and the resources that the Town has devoted to ensuring Mr. Wood's compliance in the years since our 2012 Order. We share the Town's

frustration with the ongoing violations and safety hazards at Mr. Wood's properties. Though prospective fines are disfavored in Vermont, such coercive sanctions may well be necessary and appropriate if these extraordinary circumstances persist. See Mann v. Levin, 2004 VT 100, ¶ 32; Vt. Women's Health Ctr., 159 Vt. at 151. While Mr. Wood has yet to fulfil his long-standing obligations, we must also recognize that he has taken substantial steps forward. We find it appropriate to allow him until September 30, 2020 to come into full compliance with our prior orders, particularly in light of the pandemic circumstances our State, Country, and World now faces. This Decision and Order shall serve as notice to Mr. Wood that, if he fails to meet the deadline prescribed here, the Court will be inclined to consider additional relief including fines of up to $500 per day for further noncompliance. There is significant work to be done in the coming months, and we are hopeful that Mr. Wood will take advantage of the opportunity to free himself and the Town from future disputes. Should his non-compliance continue, this Court will be forced to entertain additional coercive measures to force Mr. Wood to comply. One such alternate measure that the Town should consider requesting may be forfeiture of the subject properties.

### Order

Accordingly, based on the foregoing, the following is hereby **ORDERED and ADJUDGED**:

A. Marc Wood shall cause the complete removal of the retaining wall, stacked concrete slabs, and other unauthorized improvements from his Route 14 properties, in accordance with the revised safe removal plan and this Court's prior orders, by no later than **September 30, 2020.**

B. Marc Wood shall cause all work necessary to fully implement the revised slope stabilization plan, in accordance with this Court's prior orders, by no later than **September 30, 2020.**

This completes the current post-judgment proceedings before this Court.

Electronically signed on March 26, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge

Environmental Division