VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00031



| | |
|---|---|
| Town of Plainfield,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>Devin Lynch, Ashley Lynch, and Seth Parry,<br>　　　　Respondents. | Merits Decision |

This is a zoning enforcement action brought by the Town of Plainfield (Town) against Ashley Lynch, Devin Lynch, and Seth Parry (Respondents) for unpermitted zoning violations occurring on the property located at 79 Bean Road in Plainfield, Vermont (the Property).

The Court and parties held a one-day merits hearing via the Webex platform on February 21, 2025. The Town participated through Michael J. Tarrant, Esq. Respondents appeared and are self-represented.

## **Findings of Fact**

1. This is a zoning enforcement action commenced by the filing of a Complaint (the Original Complaint)[1] by the Town of Plainfield (the Town) against Devin Lynch, Ashley Lynch and "unknown others (together, Respondents) residing at 79 Bean Road, Plainfield, Vermont" (the Property) for

---

[1] The Original Complaint was filed with the Court on April 4, 2024, with Returns of Service for Devin Lynch and Ashley Lynch filed on May 7, 2024. Devin Lynch and Ashley Lynch filed Answers to the Town's Original Complaint on May 21 and May 24, 2024, respectively. On August 28, 2024, the Town moved to amend its Original Complaint to add Seth Parry as an additional Defendant/Respondent (the Amended Complaint), which the Court granted by Entry Order dated September 18, 2024. Respondents are the surviving children and heirs of Melanie Parry, the record owner of the Property. Ms. Parry passed away on or about March 25, 2023. As of the date of the Original Complaint, no probate estate had been opened for Ms. Parry. The Town commenced this action against Respondents, later adding Seth Parry, pursuant, in part, to 14 V.S.A. § 1417. That provision authorizes "[a] person having a contingent or other claim against a deceased person" to "prosecute the claim against the executor, administrator, heirs, devisees, or legatees."

violations of the Town of Plainfield Zoning Regulations, adopted March 1, 2011 (the Zoning Regulations). The Zoning Regulations were admitted into evidence as Exhibit A.[2]

2. At all times material to this case, land use in the Town was regulated through the Zoning Regulations.

3. Section 3.19 of the Zoning Regulations authorizes a person to park a recreational vehicle (RV)[3] on a residential or undeveloped lot subject to four requirements, all of which must be met to authorize the use.

4. In June 2023, Karen Storey, the Plainfield Zoning Administrator (Zoning Administrator), received a complaint about someone residing in a RV located on the Property and, in response, she began to investigate.

5. During her investigation, which ran from June 2023 to February 2024, the Zoning Administrator concluded that someone was residing in the RV based on her observations of cars in the yard, lights on in the RV/at the Property, and garbage placed outside.

6. The Zoning Administrator further concluded in February 2024 that the RV had been occupied for a period exceeding 180 days.

7. On or about February 24, 2024, the Zoning Administrator sent a Notice of Violation (NOV) addressed to "Devin Lynch and/or Current Inhabitants, Estate of Melanie Sargent and/or Ashley Lynch," 79 Bean Road, Plainfield, Vermont, via certified mail/returned receipt, and first-class mail. Exhibit B (hereinafter, the NOV). A copy of the Certified Mail Receipt that accompanied the NOV and that indicates the NOV was sent on February 24, 2024, was admitted as Exhibit C.

8. Although the Town did not receive back the return receipt for the copy of the NOV sent via certified mail, on March 1, 2024, Devin Lynch contacted the Town office inquiring about the NOV, thereby indicating that he had received it.[4]

9. Prior to receiving the NOV, Mr. Lynch had no contact or conversation with anyone from the Town regarding his occupancy of an RV on the Property.

---

[2] At trial, the parties stipulated to the admission of Town's Exhibits A through D. Respondents offered no documentary evidence or other exhibits.

[3] Recreational vehicle is defined in the Zoning Regulations as "(a) built on a single chassis; (b) 400 square feet or less when measured at the largest horizontal projection; (c) designed to be self-propelled or permanently towable by a light duty truck; and (d) designed primarily not for use as a permanent dwelling but as a temporary living quarters for recreational, camping, travel, or seasonal use." Zoning Regulations § 1.7 ("Recreational Vehicle").

[4] On April 3, 2024, the Town received back the certified copy of the NOV, stamped "unclaimed" and "return to sender."

10. The NOV alleges that Respondents had violated the provisions of Section 3.19 of the Zoning Regulations by: (1) occupying an RV for dwelling purposes for more than 180 days within any one year period, thereby exceeding the 180-day dwelling limitation; (2) hooking the RV up to onsite water and wastewater systems (i.e., the septic tank and artesian well at the Property) without demonstrating compliance with all state wastewater regulations, and (3) failing to provide the Town with [updated] written documentation that any sewage generated by the RV would be disposed of in accordance with all applicable local and state regulations.

11. By way of a cure, the NOV states: "Please rectify these violations by cessation of residential use of recreational vehicle, by cessation of the sewage into the underground tank, and provide written documentation that the sewage is being properly disposed of."

12. 2024 was a leap year and, accordingly, the month of February had 29 days.

13. The seven-day warning notice and opportunity to cure the violations identified in the NOV expired on March 2, 2024.

14. The 15-day appeal period for the NOV, provided by 24 V.S.A. § 4465, expired on March 10, 2024.

15. Respondents did not timely appeal the NOV.[5]

16. From the Zoning Administrator's perspective, Respondents (and Mr. Lynch, in particular) "did not appear to cure" the violations identified in the NOV within 7 days of the date thereof. However, the Zoning Administrator did not describe what actions she took, specific observations she made, and/or information she received (or did not receive), during the seven-day period or immediately thereafter that led her to this conclusion.

17. At the time that Mr. Lynch received the NOV, in February 2024, he had been stopping by the Property, cleaning up trash that had been stacked up outside, checking the mail, and attempting to address other issues with the property.

18. In connection with his employment, Mr. Lynch is "gone during the week," setting up homes in New Hampshire and elsewhere. Therefore, he is not always at the Property. He checks the Property and makes sure that everything is safe.

19. In addition, animals are kept at the property and people visit the Property from time to time to feed the animals.

---

[5] Several months after the issuance of the NOV, Mr. Lynch applied for a zoning permit (#2024-13) for a single-family dwelling at the Property and then "appealed" the denial of that permit (for failure to meet setback and other requirements) by way of an application for a variance. These steps did not constitute a timely appeal of the NOV, although Mr. Lynch may have mistakenly believed that he had appealed the NOV by his action in applying for a variance.

20. The Town believes that the Property is still being used for residential purposes in violation of Section 3.19 and that the period of violation is seven days after the date of the NOV (March 3, 2024) to present.

21. In support of her view that the violations involving recreational vehicle use at the Property are ongoing, the Zoning Administrator indicated that the Town has received a recent complaint of a dog bite at or near the property, there are animals present on the property, and the Town has received other neighbor complaints regarding noise, including from dirt bikes.

22. Respondents deny that they did not cure the violations identified in the NOV and that the violations are continuing in nature.

23. The Town seeks to recover its costs of enforcement, which consist primarily of its attorney fees and costs totaling $6,702.80 (with "adjusted totals" for attorney fees at $5,901.50 and costs totaling $580.55). These amounts are set forth in Exhibit D. The Zoning Administrator reviewed the attorney's bills; she concurs that they accurately reflect the work performed by Attorney Tarrant's firm on behalf of the Town.

24. Finally, the Town seeks injunctive relief in the form of an order that Respondents cease all unauthorized use of the RV as a residence/for dwelling purposes at the Property.

### Discussion

### I. Enforcement Provisions

Section 2.5 of the Zoning Regulations addresses enforcement of violations of the Zoning Regulations and sets forth two alternate enforcement mechanisms for municipal zoning violations, either through (1) a civil ordinance violation pursuant to 24 V.S.A. § 1974a or (2) an enforcement action pursuant to 24 V.S.A. §§ 4451, 4452. Section 2.5 provides that:

> In accordance with 24 V.S.A. §1974a(d) enforcement of municipal zoning violations may be brought as a civil ordinance violation or in an enforcement action pursuant to the requirements of §4451–4452.

> Violations of Section 3.6 signs or violations involving a temporary use or event, a recreational vehicle or a moveable structure shall be enforced as a civil ordinance violation. A penalty of $20 shall be imposed for the initial violation of any provision of this ordinance. The penalty for the second offense within a one-year period shall be $50, and the penalty for each subsequent violation within a one year period shall be $100. Each day that a violation continues will constitute a separate violation of this ordinance. If the foregoing enforcement strategy is not sufficient to deter violations, enforcement proceedings may also be initiated pursuant to 24 V.S.A. §4451and/or §4452.

For all other violations of this ordinance, enforcement proceedings will be initiated pursuant to 24 V.S.A. §4451and/or §4452, as they exist or are hereafter amended or revised, whereby a person shall be fined each offense an amount currently set at not more than one hundred dollars ($100) for each offense. Each day that a violation is continued shall constitute a separate offense. No action may be brought under this Section unless the alleged offender has had at least seven days notice by certified mail that a violation exists. However, actions for subsequent violations may be brought without the seven-day notice as allowed by 24 V.S.A. 4451.

Zoning Regulations § 2.5 ("Enforcement").

According to Section 2.5 of the Zoning Regulations, violations involving a recreational vehicle or a movable structure "shall be enforced as a civil ordinance violation." That section provides a series of escalating monetary penalties for first ($25), second ($50) and "each subsequent violation" ($100) within a one-year period, with every day that the violation continues constituting a separate violation. The final sentence of the second paragraph of Section 2.5 provides that "[i]f the foregoing enforcement strategy is not sufficient to deter violations, enforcement proceedings may also be initiated pursuant to 24 V.S.A. § 4451 and/or § 4452."

The Town did not attempt to enforce the alleged zoning violations in this case as civil ordinance violations by issuing a municipal civil violation complaint to Respondents pursuant to 24 V.S.A. § 1977. Rather, as noted above, the Town commenced this enforcement action in the first instance, pursuant to both 24 V.S.A. § 1974a and 24 V.S.A. §§ 4451, 4452. Again, pursuant to Section 2.5, the Town may deviate from the requirement that RV-related violations "be enforced as civil ordinance violations" and pursue enforcement pursuant to 24 V.S.A. § 4451 and/or 4452 if the civil ordinance violation route "is not sufficient to deter violations." The Town did not explain how or why the civil ordinance violation enforcement strategy for recreational vehicles was insufficient to deter violations in this case. In the absence of such an explanation, it was premature for the Town to bring enforcement under 24 V.S.A. §§ 4451, 4452.

Notwithstanding its failure to pursue this matter as a civil ordinance violation as required by the Zoning Regulations, the Town seeks civil penalties in this case pursuant to the escalating monetary penalty language contained in the second paragraph of Section 2.5, with the mandatory penalty for each subsequent violation within a one-year period being $100 for every day that the civil violation continues.[6] This contrasts with the penalties provision in 24 V.S.A. § 4451, which requires the Court

---

[6] At trial, the Town explained its rationale for commencing an action in this Court pursuant to both 24 V.S.A. 1974a and 24 V.S.A. §§ 4451—4452. It cited to § 1974a(b) and argued that this matter involved civil ordinance violations greater than $800 and that injunctive relief, other than as provided in 1974a(c), was sought. The Court notes, however, that there can be no civil penalty without the Town first issuing a complaint for a municipal civil ordinance violation under 24 V.S.A. § 1977. The Court received no evidence regarding the issuance of such a complaint. Moreover, the injunctive

to impose a daily penalty of "not more than" the maximum amount specified in the statute (which is now $200 for each offense). Because the Town did not follow the proper statutory steps for enforcing a civil ordinance violation, we conclude that the escalating monetary penalties as set forth in Section 2.5 are not applicable.

## II.    Proof of Violation

Even if the Town had properly followed the enforcement procedures laid out in Section 2.5, the evidence produced at trial was insufficient to establish an ongoing and continuous violation that would justify penalties under 24 V.S.A. §§ 4451, 4452.

In a zoning enforcement action, the Town carries the burden of proving the existence of a violation. See In re Transtar, LLC, No. 46-3-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 15, 2011) (Durkin, J.) (explaining that in a zoning enforcement action, the Town bears the burden of proof). Where, as here, the NOV was never appealed, the Town merely needs to show that the violations are ongoing and continuous for the period in which the Town seeks penalties. As the Vermont Supreme Court has explained, municipalities "need not produce evidence of a continuing violation for each and every day." City of Burlington v. Sisters & Brothers Inv. Grp., LLP, 2023 VT 24, ¶ 15 (quoting In re Jewell, 169 Vt. 604, 606 (1999)). Instead, municipalities may sustain their burden of proof with evidence that "weave[s] a sufficient pattern of violations for the court to infer a continuing violation for some or all of the period for which the [municipality] requests that the court impose penalties." Id.

We conclude that the Town did not meet its burden of proving that the violations in the NOV were ongoing and continuous after it issued the NOV. The Town seeks penalties for the period running from March 3, 2024 (seven days after issuing the NOV) to the date of trial. This results in a total of 355 days of potential violations. However, there is simply no evidence in the record that the violations at issue in the NOV were ongoing and continuous at any point during this period. While the Zoning Administrator offered substantial testimony regarding her investigation leading up to the NOV, she offered no substantial testimony to suggest that she had personal knowledge of the Property after issuing the NOV, stating only that she "believes" that the Property is still being used as a residence. She made vague references to complaints by neighbors about dog bites and noise, but when asked by Respondent who she spoke to, she was unable to remember who complained or when.

---

relief sought in this case is the same as provided in § 1974a(c) (i.e., that the violation cease). Therefore, the Town did not comply with § 1974a in initiating an action thereunder before this Court.

Most significantly, there was no testimony as to whether the Zoning Administrator personally visited the Property after issuing the NOV and if she observed the alleged violations.

In Jewell, the Vermont Supreme Court held that the town sustained its burden of proving a continuing violation where it provided evidence of periodic noise complaints by neighbors and periodic inspection reports by zoning officials. Jewell, 169 Vt. at 606. Here, we do not have any evidence of complaints by neighbors except through vague references by the Zoning Administrator. Nor do we have any evidence of periodic inspection reports or personal knowledge by the Zoning Administrator upon which this Court could infer a pattern of ongoing and continuous violations. There is no evidence that there is even an RV currently on the Property or that it is being used as a residence or in any other manner.[7] Accordingly, the Court is unable to award penalties for alleged violations occurring after the issuance of the NOV.

Even if there was evidence of continuing violations, the Town also did not provide sufficient evidence to support this Court's penalty calculations. As explained above, the Town improperly sought the civil ordinance penalty amounts provided for in Section 2.5 of the Zoning Regulations. However, when determining the amount of a fine for a zoning violation under 24 V.S.A. 4451, the Court has broad discretion once it has determined the existence of the zoning violation. Sisters and Brothers Inv. Grp., 2023 VT 24, ¶ 18. Typically, the Court considers several relevant factors, including: (1) the actual or potential impact on public health, safety, welfare, and the environment; (2) the presence of mitigating circumstances; (3) whether respondent knew or had reason to know the violation existed; (4) the respondent's record of compliance; (5) the deterrent effect of the penalty; (6) the State's actual costs of enforcement; and (7) the length of time the violation existed. Id.; 10 V.S.A § 8010. The Town offered evidence on only one factor — its costs of enforcement. However, the Court expects parties to provide evidence on other factors when they are relevant to calculating a penalty amount. Without such evidence, the Court has limited information upon which to exercise its discretion in setting a fair and reasonable penalty.

### III. Injunctive Relief

Even though the Town's enforcement strategy did not comply with Section 2.5 of its Zoning Regulations, this Court still must consider whether to issue injunctive relief. Injunctive relief is a remedy available under both 24 V.S.A. § 1974a and 24 V.S.A. § 4452. Here, the NOV was not

---

[7] For example, the Zoning Administrator did not testify that there is presently an RV on the lot, nor did the Town seek to admit photographs of the lot containing the RV or present testimony from neighbors describing the RV on the lot and/or the activities of Respondents in connection therewith.

appealed and therefore the existence of past violations, predating the NOV, have been conclusively established by the failure to appeal. 24 V.S.A. § 4472(d). Those violations stand for themselves and are sufficient grounds to order prospective injunctive relief. See Town of Sherburne v. Carpenter, 155 Vt. 126, 129 (1990) (explaining the general rule that where "a municipality or public agency [] seek[s] an injunction in order to enforce compliance with a local ordinance or state statute, and is silent as to the injury caused… all that must be shown is a violation of the ordinance.") (citation omitted). Therefore, we hereby **ORDER** Respondents to cease any unauthorized recreational vehicle use on the Property as outlined in the NOV within 30 days of this Order. Respondents shall not commence or engage in further residential use of an RV on the Property without first receiving Town approval. Failure to comply with this Order may lead to contempt sanctions and future penalties.

This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed on February 27, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division